**Affirmed and Opinion Filed October 9, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-17-00648-CV
_____

## IN THE ESTATE OF JOHN M. HOUSTON, DECEASED

**On Appeal from the Collin County Probate
Collin County, Texas
Trial Court Cause No. PB-001-56605**

## MEMORANDUM OPINION
Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Bridges

Linda Houston appeals the trial court's judgment granting the traditional and no-evidence motion for summary judgment of Eileen Houston and ordering that Linda take nothing. In nine issues, Linda argues (1) she was "estopped from the material facts of the Estate Interests" when Eileen ignored demands for an estate and trust accounting; (2) the trial court erred in failing to "recognize the request for Estate Accounting by Motion And by Hearing Request"; (3) Eileen used a "no-evidence motion" to improperly shift the burden of proof to Linda, and Eileen had a duty to "disclose information as Fiduciary"; (4) Eileen continued to receive certain oil and gas royalties in the name of the John M. Houston estate and "file them in her personal taxes" even though "all assets were designated to become a part of, and distributed per, the terms of the Trust Instrument"; (5) Eileen knowingly and improperly appointed herself as "Successor Trustee"; (6) Eileen knowingly and improperly appointed herself as "Beneficiary"; (7) Eileen never provided responses to interrogatories; (8) Eileen was subpoenaed and failed to appear for a scheduled deposition; and

(9) the trial court erred in proceeding without a response to Linda's "Motion to Order Eileen Houston to Appear for Oral Deposition." We affirm the trial court's judgment.

In August 2005, Eileen filed an application for probate of the will of John M. Houston, her deceased husband. In September 2005, the probate court admitted the will to probate and ordered that letters testamentary should issue to Eileen, who was appointed independent executrix of the will. In December 2005, Eileen filed with the probate court an inventory, appraisement, and list of claims of the estate.

In September 2014, Eileen and John's daughter Linda filed a petition seeking to remove Eileen as independent executrix. Linda alleged that, in August 2013, she discovered the existence of trust accounts created by John before his death under which Linda was to become the sole trustee upon John's death. Linda alleged she confronted Eileen in November 2013, and Eileen admitted the existence of the trust accounts and admitted to "acts of defalcation and other inappropriate acts as trustee." Linda further alleged Eileen used letters testamentary to transfer property and funds and disburse property for Eileen's sole benefit. Linda sought to have Eileen removed as independent executrix, alleged Eileen breached her fiduciary duty, requested an accounting of the estate, and requested actual and punitive damages.

In January 2016, Linda filed her third amended petition in which she alleged Eileen forged Linda's name on a check requiring both Eileen's and Linda's signatures; Eileen reported receiving income from the underlying trusts on her personal tax returns, thereby avoiding reporting the transfers of income to Linda; and Eileen failed to disclose information material to Linda's interest in the trusts, necessitating an accounting of all Eileen's actions with respect to the trusts and John's estate. Linda asserted claims of breach of fiduciary duty, tortious breach of fiduciary duty, tortious interference with inheritance, violation of the Texas Civil Theft Act, conversion, money had and received, and common law fraud. Linda argued a constructive trust for Linda's benefit should be

imposed on any property or assets acquired by Eileen because, otherwise, Eileen would be unjustly enriched.  Linda sought actual damages, lost profit damages, lost opportunity damages, punitive damages, attorney's fees and expenses, and pre- and post-judgment interest.

In September 2016, following a partial settlement agreement and a joint partial motion to dismiss, the trial court, among other things, dismissed with prejudice Linda's actions concerning (1) Eileen's transfers of funds from Linda's trust accounts to Eileen's personal accounts and (2) the amount of the check with "alleged signature forged."  The trial court also dismissed with prejudice Linda's causes of action for breach of formal and informal fiduciary duties, tortious breach of fiduciary duty, tortious interference with inheritance, violation of the Texas Civil Theft Act, conversion, money had and received, common law fraud, and unjust enrichment and constructive trust.

By order dated January 18, 2017, the trial court granted Eileen's second traditional and no-evidence motions for summary judgment and ordered that Linda take nothing on her claims against Eileen.  Nevertheless, on February 2, 2017, Linda filed a notice of intent to take Eileen's deposition and a request for a subpoena duces tecum requiring Eileen to produce certain documents.  Eileen filed a motion to quash and for protective order on the grounds that, in light of the trial court's order granting Eileen summary judgment on all of Linda's causes of action, the subject matter of the deposition and subpoena were no longer relevant.  On March 8, 2017, the trial court granted Eileen's motion to quash and for protective order.  On May 1, 2017, the trial court signed a final judgment ordering that Linda take nothing on her claims against Eileen.  This appeal followed.

We note that his Court, by letter dated February 14, 2018, notified Linda that her pro se brief did not comply with the rules of appellate procedure and warned her that failure to file an amended brief could result in dismissal of this appeal without further notice.  Specifically, Linda's brief failed to contain a concise statement of the case, the course of proceedings, and the trial

–3–

court's disposition of the case supported by record references. Linda failed to file an amended brief. Instead, Linda filed both a reply brief and a sur-sur-reply brief in which she also failed to set forth a concise statement of the facts supported by record references.

We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex.1978)). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Id.* at 212. The law is well established that, to present an issue to this Court, a party's brief shall contain, among other things, a concise, nonargumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contentions made with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1; *In re N.E.B.*, 251 S.W.3d at 212. Bare assertions of error, without argument or authority, waive error. *In re N.E.B.*, 251 S.W.3d at 212; *see also Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (appellate court has discretion to waive point of error due to inadequate briefing). When a party fails to adequately brief a complaint, he waives the issue on appeal. *In re N.E.B.*, 251 S.W.3d at 212.

Linda has failed to provide us with argument, analysis, or authorities that make her complaints on appeal viable. *Id.* By failing to adequately brief her complaints, Linda has waived our review of her complaints. *See id.*

Moreover, the record in this case is clear that the trial court granted Eileen's traditional and no-evidence motions for summary judgment. The trial court's final judgment referenced the order granting summary judgment in favor of Eileen and entered judgment in accordance with that order. However, Linda's request for a clerk's record did not request inclusion of Eileen's summary judgment motions, and the motions are not in the record. Absent a complete record of the summary

judgment evidence, an appellate court must assume that the omitted documents support the judgment of the trial court. *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 689 (Tex. 1990). Furthermore, when the summary judgment does not state the grounds upon which it was granted, the nonmovant must show on appeal that each independent ground alleged is insufficient to support the summary judgment granted. *Caldwell v. Curioni*, 125 S.W.3d 784, 789 (Tex. App.—Dallas 2004, pet. denied). To the extent Linda raises, in her first seven issues, claims disposed of by the trial court's summary judgment, we must assume the omitted documents support the trial court's judgment. *See DeSantis*, 793 S.W.2d at 689. To the extent Linda complains, in her eighth and ninth issues, of Eileen's failure to appear for a deposition after the trial court granted summary judgment and the trial court's proceeding thereafter, Linda has cited no authority, and we have found none, supporting the proposition that depositions and discovery may continue after a trial court has granted summary judgment. We overrule Linda's first, second, third, fourth, fifth, sixth, seventh, eighth, and ninth issues.

We affirm the trial court's judgment.


/David L. Bridges/
DAVID L. BRIDGES
JUSTICE


170648F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE ESTATE OF JOHN M.
HOUSTON, DECEASED

No. 05-17-00648-CV

On Appeal from the Collin County Probate,
Collin County, Texas
Trial Court Cause No. PB-001-56605.
Opinion delivered by Justice Bridges.
Justices Francis and Lang-Miers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee Eileen Houston recover her costs of this appeal from
appellant Linda Houston.


Judgment entered October 9, 2018.