

## In The

# Eleventh Court of Appeals

___

### No. 11-10-00281-CV

___

### RSL FUNDING, LLC, Appellant

### V.

### AEGON STRUCTURED SETTLEMENTS, INC. AND MONUMENTAL
### LIFE INSURANCE COMPANY, Appellees

___

**On Appeal from the 385th District Court**

**Midland County, Texas**

**Trial Court Cause No. CV47208**

___

### O P I N I O N

Among other things, the trial court awarded attorney's fees to Aegon Structured Settlements, Inc. and Monumental Life Insurance Company against RSL Funding, LLC in this lawsuit brought by RSL under the Structured Settlement Protection Act.[1]  We affirm.

Michael Todd Reese settled a lawsuit that he had filed to recover for personal injuries. As a part of that settlement agreement, he was to receive a series of payments over a period of

___

[1]TEX. CIV. PRAC. & REM. CODE ANN. §§ 141.001–.007 (West 2011).

time. These payments were funded through an annuity purchased by Aegon's predecessors from Monumental's predecessors.

Reese wanted to receive a portion of the payments early. He entered into an agreement with RSL whereby RSL would purchase portions of two future lump sum payments and pay a certain amount to Reese in exchange for his assignment to RSL of the interests purchased.

In accordance with the Texas Structured Settlement Protection Act, RSL filed an application in the trial court for approval of the transfer. In its application for approval, RSL listed the estate of Michael Todd Reese as the beneficiary.

Before the hearing on RSL's application, Aegon and Monumental notified RSL that the beneficiary listed in the application was incorrect and that the actual beneficiary of the annuity was Reese's daughter, Madison Reese. RSL filed an amended application and rescheduled the hearing. Although it continued to plead that Reese's estate was the beneficiary of the annuity, RSL gave notice of the new hearing to Lacy Chesser as next friend of Madison Reese. Chesser and Reese were divorced. In a later suit to modify the parent-child relationship, the trial court appointed Chesser as the joint managing conservator with the right to establish Madison's primary residence. The order listed Chesser's address as 1625 Sunset, Apartment 3004, San Angelo. This address had not been changed by Chesser as required in the court order. RSL sent the notice to Chesser at P.O. Box 62142 in San Angelo. Aegon and Monumental informed RSL of the perceived defect in the notice provided to Chesser. The trial court continued the hearing so that RSL might provide proper notice to Chesser at several addresses.

Before the trial court conducted the second rescheduled hearing on RSL's application, Aegon and Monumental filed a motion for attorney's fees and expenses. Aegon and Monumental had also complained that RSL had sought, in a manner not in accordance with statutory procedures, a transfer of a right of first refusal as well as a security interest in the remainder of Reese's structured settlement. Later, RSL agreed not to seek those rights. After the trial court conducted the hearing, it entered two orders. In one order, the trial court approved the transfer to RSL. In the other order, the trial court awarded attorney's fees and expenses to Aegon and Monumental in the amount of $6,825 and $1,164.92, respectively. The trial court later corrected its order to cite the correct statute under which it awarded attorney's fees and expenses.

The only issue before this court in this appeal involves the award of attorney's fees and expenses. In a single issue, RSL maintains that the trial court abused its discretion when it awarded attorney's fees and expenses because it awarded them under an inapplicable statute, because it should not award attorney's fees connected to objections to RSL's claim to a right of first refusal and to a security interest, and because it should not award them connected to objections to improper notice.

The trial court did not state in its order the reasons for its award of attorney's fees and expenses except to refer to the statute under which they were awarded. The trial court did not enter findings of fact or conclusions of law, and none were requested. Therefore, the trial court's award will be upheld on any theory that finds support in the evidence. *See Rush v. Barrios*, 56 S.W.3d 88, 96 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (if trial court files no findings of fact or conclusions of law, all findings necessary to the court's judgment, if supported by the record, will be implied). Further, RSL did not object to any failure to segregate what fees were charged for what services, and that issue is not before us.

The Structured Settlement Protection Act is found in the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. §§ 141.001–.007 (West 2011). The legislature enacted it to protect litigants who have received structured settlements in personal injury cases from transferring their rights to future periodic payments from those settlements for a lump sum that is inadequate. *Rapid Settlements, Ltd. v. Symetra Life Ins. Co.*, 234 S.W.3d 788, 798 (Tex. App.—Tyler 2007, no pet.). Under the provisions of the SSPA, a party who acquires or proposes to acquire structured settlement payment rights from the payee must give notice to the payee that contains detailed information, among other things, regarding the amounts of the payments to be transferred from the payee, the discounted present value of those payments, the gross amount to be paid to the payee, the expenses to be deducted from the gross amount, and the net amount the payee is to receive. Section 141.003.

Before a transfer is effective, it must be approved in advance in a final court order. Section 141.004. The transferee must serve notice of the hearing upon all interested parties. Section 141.006. Notice of the hearing on the application for approval of a transfer of structured settlement payment rights must contain certain items, and the transferee must serve the notice at least twenty days before the date of the hearing.

In the trial court, Aegon argued that it was entitled to attorney's fees under the SSPA for two reasons: (1) it incurred extra time and expense in responding to RSL's application for transfer because RSL failed to include information on the security interest and right of first refusal of future transfers in its required disclosure to the payee as required under the statute, *see* Section 141.003, and (2) RSL's failure to properly notify the beneficiary necessitated additional hearings and brought about further time and expense connected to the application to approve the transfer.

The standard of review of a trial court's award of attorney's fees is abuse of discretion. *Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 592 (Tex. 1996). Attorney's fees may not be recovered from an opposing party unless provided for by statute or contract between the parties. *Id.* at 593.

Under the SSPA, trial courts have the authority to award reasonable costs and attorney's fees against the transferee in favor of a structured settlement obligor and the annuity issuer that arise "as a consequence of the transferee's failure to comply with this chapter." Section 141.005(2)(B).

RSL advances a number of arguments in support of its contention that the trial court abused its discretion when it awarded attorney's fees. As we have said earlier, because findings of fact and conclusions of law were neither filed nor requested and because the trial court did not state the reasons for its award, we will uphold the award upon any proper theory finding support in the evidence. We will first consider an award of reasonable costs and attorney's fees under the notice issue.

RSL contends that the trial court abused its discretion because RSL gave proper notice to the beneficiary. RSL argues that the SSPA does not require proof of identity, receipt, or correct address for the beneficiary and that, thus, any kind or form of notice is presumably sufficient. This argument, however, ignores one of the definitions of notice—a warning or intimation of something impending. MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 848 (11th ed. 2004). Inherent in this definition is that someone is to be warned. There must be some calculation in the giving of any notice that the person to be given the notice has a realistic chance to receive it. Also, this notice did not comply with Rule 21a of the Texas Rules of Civil Procedure, which requires that, when a notice is to be served, it is supposed to be sent to the party's last known address. TEX. R. CIV. P. 21a. As noted above, the last known address was contained in the court

order modifying the parent-child relationship, which had not been changed. Aegon and Monumental, which had an interest in making sure that the beneficiary of the annuity actually received notice,[2] was understandably wary of the notice originally attempted in this case. RSL sent the notice to Reese's former mother-in-law's post office box. As a result of the minimal notice attempted by RSL, Aegon and Monumental had little choice but to appear at the hearing to protect their interests and to be certain that RSL gave effective notice to the minor beneficiary.

RSL also contends that the SSPA does not provide for attorney's fees in this case because attorney's fees are only for circumstances *following* a transfer of structured settlement payment rights. RSL argues that, because all of the deficiencies occurred prior to the trial court's approval of the transfer, the trial court could not award attorney's fees. A transfer, however, is more broadly defined under the SSPA. It includes "any sale, assignment, pledge, hypothecation, or other alienation or encumbrance of structured settlement payment rights made by a payee." Section 141.002(18). The word "transfer" as it is used in the SSPA includes the transfer agreement between the payee and the transferee. *In re Rapid Settlements, Ltd.*, 202 S.W.3d 456, 461 (Tex. App.—Beaumont 2006, pet. denied); *see also Rapid Settlements, Ltd. v. Green*, 294 S.W.3d 701, 707–08 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (arbitrator's award of structured settlement payments is a transfer under the SSPA). Thus, the SSPA provided for attorney's fees because the transfer agreement signed by Reese qualified as a transfer under the act.

Even if the word "transfer" is interpreted to not include transfer agreements, the trial court may be affirmed. Section 141.005(2)(B) provides that the transferee (RSL) shall be liable to the structured settlement obligor and the annuity issuer for any other liabilities or costs, including reasonable costs and attorney's fees "arising as a consequence of the transferee's failure to comply with this chapter." The entire chapter deals with the procedures required for court approval. This phrase would have little or no meaning if RSL's interpretation is adopted. The trial court's award of attorney's fees and expenses to Aegon and Monumental was consistent with the purposes of the SSPA.

Aegon filed a motion for attorney's fees and expenses and supporting affidavit detailing the extra time and expense it took to respond to RSL's noncompliance with the SSPA. An

---

[2]*See Symetra Life Ins. Co. v. Rapid Settlements, Ltd.*, 599 F. Supp. 2d 809, 818–19 (S.D. Tex. 2008) (failure to comply with requirements of SSPA exposes annuity issuer to potential risk of double payments); *Transamerica Occidental Life Ins. Co. v. Rapid Settlements, Ltd*., 284 S.W.3d 385, 390 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (annuity issuer has interest in avoiding exposure to competing claims to future payments).

attorney's affidavit regarding attorney's fees is considered "expert opinion testimony" that may be considered regarding the amount and reasonableness of those fees. *Owen Elec. Supply, Inc. v. Brite Day Constr. Inc.*, 821 S.W.2d 283, 288 (Tex. App.—Houston [1st Dist.] 1991, writ denied). Unless a controverting affidavit is filed, an affidavit as to the amount of attorney's fees will be presumed reasonable. *Hunsucker v. Fustok*, 238 S.W.3d 421, 432 (Tex. App.—Houston [1st Dist.] 2007, no pet.). The reasonableness and amount of the attorney's fees and expenses were not contested by RSL with a controverting affidavit. The trial court did not abuse its discretion in granting attorney's fees and expenses in this case. RSL's sole issue is overruled.

The judgment of the trial court is affirmed.


ERIC KALENAK

JUSTICE

June 14, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

6



In The

# Eleventh Court of Appeals

———————

## No. 11-10-00281-CV

———————

## RSL FUNDING, LLC, Appellant

## V.

## AEGON STRUCTURED SETTLEMENTS, INC. AND MONUMENTAL LIFE INSURANCE COMPANY, Appellees

On Appeal from the 385th District Court
Midland County, Texas
Trial Court Cause No. CV47208

### DISSENTING OPINION

Because I believe that Section 141.005 of the Structured Settlement Protection Act[3] applies only to those matters arising after the trial court has approved a transfer, I dissent.

Statutes authorizing the award of attorney's fees are penal in nature and in derogation of the common law, and we must strictly construe them. *New Amsterdam Cas. Co. v. Tex. Indus., Inc.*, 414 S.W.2d 914, 915 (Tex. 1967). We review matters of statutory construction de novo. *City of Rockwall v. Hughes*, 246 S.W.3d 621 (Tex. 2008). We use the definitions as prescribed by the legislature and any "technical or particular meaning" the words "have acquired." TEX.

---

[3]TEX. CIV. PRAC. & REM. CODE ANN. §§ 141.001–.007 (West 2011).

GOV'T CODE ANN. § 311.011(b) (West 2005); *City of Rockwall*, 246 S.W.3d at 625. Otherwise, we are to construe the words in a particular statute in light of "their plain and common meaning." *City of Rockwall*, 246 S.W.3d at 625.

The statute under review in this case begins with these words: "[f]ollowing a transfer." Then follows a list of attorney's fees, reasonable costs, and certain other things for which recovery is allowed under the statute. Section 141.005.

Before we can apply Section 141.005, it is necessary for us to define some of the terms in the statute. The word "transfer" is defined in the SSPA to include, among other things, any sale or assignment of structured settlement proceeds. *Id.* § 141.002(18). "Transfer agreement" means "the agreement providing for a transfer of structured settlement payment rights." *Id.* § 141.002(19). No transfer of a structured settlement payment right is effective unless and until it is approved by the trial court as provided in the SSPA. *Id.* § 141.004. Thus, it would seem that the word "transfer" cannot include within its definition the term "transfer agreement."

A transfer does not exist nor can it take place absent court approval. *See id*. In the event the trial court does not approve the transfer, none of the things mentioned in Section 141.005 will ever take place because there has been no transfer of structured settlement payments. Because a transfer has not taken place, there can be no damages brought about by it. Therefore, it would appear that the words "[f]ollowing a transfer" mean those things listed in Section 141.005 that are incurred only after a court has approved a transfer agreement.

For all of the foregoing reasons, I would hold that Section 141.005 is applicable only to those items listed there as are incurred following court approval of a transfer agreement. *Id.* § 141.005. It is only then that a transfer has occurred, and it is only then that anything can follow it.

Only because I believe that the SSPA does not provide for them, I would reverse the judgment of the trial court and render judgment that Aegon Structured Settlements, Inc. and Monumental Life Insurance Company take nothing in their suit for attorney's fees.


JIM R. WRIGHT

June 14, 2012                    CHIEF JUSTICE

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

8