**AFFIRMED; Opinion Filed May 21, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00215-CV

### RUTH TORRES, Appellant
### V.
### THE CONTINENTAL APARTMENTS, ALL CITIES TOWING INC., AND
### CITY VEHICLE STORAGE INC., Appellees

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-17-03695-D**

## MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Partida-Kipness

Appellant Ruth Torres appeals pro se from the trial court's final ruling entered in appellees'

favor. We affirm. Because the issues are settled in law, we issue this memorandum opinion. *See*

TEX. R. APP. P. 47.4.

## BACKGROUND

On June 4, 2017, appellant Ruth Torres's car was towed when she parked in front of the

loading dock of appellee The Continental Apartments. The car was towed by appellee All Cities

Towing, Inc. and stored at appellee City Vehicle Storage, Inc. Torres filed a Request for Tow

Hearing which included the following allegations: (1) she was charged more for her tow than what

is legally authorized; (2) property management failed to provide reasonable parking options due

to safety reasons; (3) property management failed to provide communication to address a change in common parking practice at the dock; and (4) property management failed to provide notice or warning that she could be towed when she only planned to be there a few minutes. A hearing was held pursuant to Chapter 2308 of the Texas Occupations Code before the Justice of the Peace Court (JP court) and the court entered findings that: (1) probable cause existed for the removal and placement of the vehicle in the storage lot; (2) the towing charge and storage fee was authorized and just; (3) Torres's payment of the tow fee was just and owing; and (4) Torres was responsible for court costs. Torres appealed the JP court's decision to the County Court of Law No. 4.

In county court, Torres filed a motion to protect and compel discovery and appearance. Torres asked the court to compel appellees to produce documents, video recordings, and witnesses. In response, the county court entered an order which narrowed the scope of the discovery and limited the number of trial subpoenas. Torres then filed a motion to amend and sought to add claims alleging violations of section 2308.401 and 2308.402 of the Texas Occupations Code against Continental and All Cities Towing. The county court denied Torres's motion to amend. Torres also filed a motion for contempt which alleged that appellees failed to respond to her discovery requests. Torres then filed a motion for sanctions due to spoliation which alleged that Continental failed to preserve the recording of the tow. Prior to conducting the administrative tow hearing, the county court heard Torres's motion for spoliation and the county court denied the motion.

Following the hearing, the county court concluded in its Final Ruling/Findings of Fact and Conclusions of Law that the tow was not illegal. In addition, the county court found as follows: (1) there was signage all over the loading dock area informing drivers that towing was enforced and the length of time that Torres intended to park there was irrelevant; (2) there was probable cause for Torres's car to be towed; (3) reasonable parking options existed and there were no

legitimate safety concerns that warranted parking in front of the dumpsters; (4) towing at the Continental was enforced for years; (5) Torres's payment of the tow, impoundment and storage fees was justified; (6) All Cities Towing and City Vehicle Storage are properly licensed; (7) there is no evidence that Torres was charged towing or storage fees greater than what is authorized; and (8) Torres was liable to defendants for their attorney's fees and court costs. Torres then filed this appeal.

## ANALYSIS

In fives issues, Torres appears to argue as follows: (1) the county court erred by not finding that the violations of the Texas Occupations Code made the tow illegal: (2) the county court erred in finding probable cause for the towing under the Texas Occupations Code; (3) the county court erred in failing to find violations of the Texas Property Code; and (4) the county court abused its discretion in denying the motion to amend, limiting discovery, preventing testimony and awarding attorney's fees.[1]

### A.    Standard of Review

Our review of the trial court's conclusions of law is de novo. *See Burlington N. and Santa Fe. Ry. Co. v. City of Houston*, 171 S.W.3d 240, 245 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

The standard of review of denial of leave to amend is abuse of discretion. *See Austin v. Countrywide Homes Loans,* 261 S.W.3d 68, 75 (Tex. App.—Houston [1st Dist.] 2008, pet.

---

[1] Although we construe pro se pleadings and briefs liberally, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with the applicable laws and rules of procedure. *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.); *see also Gonzalez v. VATR Const. LLC*, 418 S.W.3d 777, 784 (Tex. App.—Dallas 2013, no pet.) ("Appellate courts must construe briefing requirements reasonably and liberally, but a party asserting error on appeal still must put forth some specific argument and analysis showing that the record and the law support his contention."). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *In re N.E.B.*, 251 S.W.3d at 212.

denied). A trial court abuses its discretion when it reaches a result so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law. *Id.*

The abuse of discretion standard also applies to the trial court's decisions regarding discovery and attorney's fees. *See Bituminous Cas. Corp. v. Cleveland*, 223 S.W.3d 485, 490 (Tex. App.—Amarillo 2006, no pet.) ("[T]he abuse of discretion standard applies in reviewing the ruling of the trial court regarding a discovery question."); *RSL Funding, LLC v. Aegon Structured Settlements, Inc.*, 384 S.W.3d 405, 409 (Tex. App.—Eastland 2012, pet. denied) ("The standard of review of a trial court's award of attorney's fees is abuse of discretion.").

**B.      Texas Occupations Code Sections 2308.401 and 2308.402**

In her first issue, Torres appears to argue that Continental and All Cities Towing violated sections 2308.401 and 2308.402 of the Texas Occupations Code when Continental allegedly received a fifty dollar gift card from All Cities Towing. *See* TEX. OCC. CODE §§ 2308.401–.402. Section 2308.401 provides that a "parking facility owner may not directly or indirectly accept anything of value from a towing company in connection with the removal of a vehicle from a parking facility[.]" *See* OCC. § 2308.401(a)(1). Section 2308.402 provides that a "towing company or booting company may not directly or indirectly give anything of value to a parking facility owner in connection with the removal of a vehicle from a parking facility[.]" *See* OCC. § 2308.402(a)(1). These allegations were not included in Torres's initial claims against appellees in the JP Court. On November 15, 2017, Torres filed a motion to amend and sought to add these claims against Continental and All Cities Towing in the county court. The county court denied Torres's motion to amend and, accordingly, did not address this claim. Further, we note that the scope of the hearing held pursuant to Chapter 2308 of the Texas Occupations Code is limited to the following issues: (1) whether probable cause existed for the removal and placement of the vehicle; and (2) whether a towing charge imposed or collection was greater than the amount

–4–

statutorily authorized. *See* OCC. § 2308.458(c); *Black Bull Towing, LLC v. Ybarra*, No. 02-14-00227-CV, 2015 WL 3637933, at *2 (Tex. App.—Fort Worth June 11, 2015, pet. denied) (mem. op.); *Badaiki v. Miller*, No. 14-17-00450-CV, 2019 WL 922289, at *3 (Tex. App.—Houston Feb. 26, 2019, no pet.) (mem. op.). As these allegations were not proper claims to be addressed during the tow hearing, the county court would have lacked jurisdiction to address them. For all these reasons, we overrule Torres's first issue.[2]

### A. Texas Property Code Claims

In her third issue, Torres argues that the county court erred in failing to find violations of Texas Property Code sections 92.013 and 92.0131. *See* TEX. PROP. CODE §§ 92.013, 92.0131. Section 92.013 provides that a landlord shall give tenants in a multiunit complex "a copy of any applicable vehicle towing or parking rules or policies of the landlord[.]" *See* PROP. § 92.013(a). Torres also alleges that Continental failed to comply with the notice requirements set forth in section 92.0131. *See* PROP. § 92.0131(d), (e). Section 92.0131(d) states that if "a landlord changes the vehicle towing or parking rules or policies during the term of the lease agreement, the landlord shall provide written notice of the change to the tenant before the tenant is required to comply with the rule or policy change." *See* PROP. § 92.0131(d). Section 92.0131(e) states that if a rule or policy change is made during the term of the lease agreement that the change must apply to all of the tenants and be "based on necessity, safety or security of tenants, reasonable requirements for construction on the premises, or respect for other tenants' parking rights[.]" PROP. § 92.0131(e).

As noted above, the only issues to be addressed in a tow hearing are whether probable cause existed for the removal of the vehicle and whether the towing charge imposed was statutorily authorized. *See* OCC. § 2308.458(c); *Black Bull Towing, LLC*, 2015 WL 3637933, at *2; *Badaiki*,

---

[2] To the extent that Torres is arguing that the county court abused its discretion in denying the motion to amend, that argument is addressed separately in Section C(1).

2019 WL 922289, at *3.  As Torres's allegations relating to violations of the property code were not proper claims to be considered during the tow hearing, the county court lacked jurisdiction to consider these claims.  For this reason, we overrule Torres's third issue that the county court erred in failing to find violations of Texas Property Code sections 92.013 and 92.0131.

### B.    Probable Cause

In her second and fourth issues, Torres argues that the county court erred in finding probable cause for the towing.  The Occupations Code provides that "[a] parking facility owner may, without the consent of the owner or operator of an unauthorized vehicle, cause the vehicle and any property on or in the vehicle to be removed and stored at a vehicle storage facility at the vehicle owner's or operator's expense if:  (1) signs that comply with Subchapter G prohibiting unauthorized vehicles are located on the parking facility at the time of towing and for the preceding 24 hours and remain installed at the time of the towing[.]"  *See* OCC. § 2308.252(a)(1) (Supp.).  The Occupations Code further provides that the "owner or operator of a vehicle may not leave unattended on a parking facility a vehicle that:  (2) obstructs pedestrian or vehicular access to an area that is used for the placement of a garbage or refuse receptacle used in common by residents of the apartment complex[.]"  *See* OCC. § 2308.253(b)(2) (Supp.).  Torres concedes that (1) she parked at the dock and (2) signage existed at the dock which restricted parking.  Victor Morado, the foreman at All Cities Towing, testified that signage was present on the date of the tow.  In this case, there was probable cause for the tow because Torres was obstructing access to a dumpster in a restricted parking area.  Torres even conceded in her testimony that "she parked right in front of [a] dumpster because that's the closest to get up the stairs."

Torres argues that Continental failed to provide notice pursuant to section 2308.253(e) of the Texas Occupations Code because the "towing company was directed to tow vehicles which lacked registration insignia."  To clarify, section 2308.253(e) provides as follows:

> A contract provision providing for the towing from a parking facility of a vehicle that does not display an unexpired license plate or registration insignia is valid only if the provision requires the owner or operator of the vehicle to be given at least 10 days' written notice that the vehicle will be towed from the parking facility at the vehicle owner's or operator's expense if it is not removed from the parking facility.

*See* OCC. § 2308.253(e) (Supp.). Based upon Torres's citations, it appears that she misinterprets "registration insignia" to reference a resident sticker and placard issued by Continental. However, the "registration insignia" in this code section refers to state registration requirements under chapter 502 of the Texas Transportation Code. *See* TEX. TRANSP. CODE §§ 502.001–.492. Accordingly, Torres's argument that there was no probable cause for the towing based upon the lack of notice fails.

Torres also argues that it is reasonable to "consider that common practice, and inconsistent towing enforcement justifiably undermines the position that generic signage alone satisfies the requirement of adequate notice to residents that parking at the loading dock, even for a few minutes, would be reasonable grounds to expect to be towed." In her brief, Torres refers to certain hearing testimony by Lindsay Diaz, the resident services coordinator at Continental, in which Diaz states that there was a mechanism for residents to park at the dock if they reserved it with Continental and Continental informed the towing company that they could tow anyone who was illegally parked after 6:00 p.m. Diaz also testified that it was common for people to park at the dock and that they were not always towed. At the hearing, no evidence was presented that Torres had reserved the dock with Continental. Because she was parked at the dock without permission and has conceded the existence of the towing signs, we cannot conclude that Torres's car was towed without probable cause even if the towing happened sporadically or without consistency.

For all the reasons described above, we overrule Torres's second and fourth issues.

**C.** **Denial of Motion to Amend, Limiting Discovery and Testimony and Awarding Attorney's Fee**

In her fifth issue, Torres argues that the trial court abused its discretion by denying her motion to amend her claims, limiting the discovery, and awarding attorney's fees to appellees. We disagree.

**1)** **Motion to Amend**

As stated above, Torres sought to amend her claims to add allegations that Continental violated sections 2308.401 and 2308.402 of the Texas Occupations Code when it allegedly received a fifty dollar gift card from All Cities Towing. As stated above, the tow hearing encompasses a narrow scope of issues. *See* OCC. § 2308.458(c). As these allegations do not impact whether there was probable cause for the tow or if the tow charge was correct, the county court did not abuse its discretion in denying Torres's motion to amend her claims.

**2)** **Discovery**

In this case, the county court allowed each party to send ten interrogatories, five requests for production, and a request for disclosure to all other parties. Torres was allowed two trial subpoenas per defendant and defendants were allowed two trial subpoenas. On appeal, Torres complains that the trial court denied her request for (1) appellees' proof of licensure and insurance and (2) discovery on appellees' alleged violations of sections 2308.401 and 2308.402 of the Texas Occupations Code. As stated above, however, the tow hearing only encompasses whether there was probable cause for the tow and if the tow charge was correct. As Torres's additional discovery requests were irrelevant to assist in determining these issues, the county court did not abuse its discretion in denying Torres's requests for additional discovery.

Torres also appears to assert that the trial court erred in denying her request for the video of the towing and her motion for sanctions based upon the alleged spoliation of this evidence. Torres asserted that Continental had a duty to preserve the video of the recording of the tow. Torres

–8–

argues that the video would show that the "tow truck pulled up to tow the vehicle the minute Appellant entered the door to the building." Torres's assertion, however, is irrelevant to whether there was probable cause for the tow. We cannot conclude that the county court abused its discretion in denying Torres this additional discovery as the video is irrelevant to whether there was probable cause for the tow.

### 3) Attorney's Fees

The Texas Towing and Booting Act enables the court to award attorney's fees to the prevailing party. *See* Occ. § 2308.458(e)(1). Here, Torres argues that the county court awarded unreasonable attorney's fees. Torres specifically objects to the fees sought by Jack Norman, the attorney for All Cities Towing and City Vehicle Storage. At the hearing, Norman testified as to the time involved, the nature of services rendered, and the reasonableness of the fees. Norman sought fees totaling $7,000 and testified that his fees were reasonable and necessary in light of Torres's excessive motion practice. The county court ordered Torres to pay All Cities Towing and City Vehicle's Storage's attorney's fees in the amount of $5,000.

As stated above, the allowance of attorney's fees rests with the sound discretion of the trial court and will not be reversed without a showing of abuse of that discretion. *Radsdale v. Progressive Voters League*, 801 S.W.2d 880, 881 (Tex. 1990). Here, we cannot conclude that the trial court abused its discretion in awarding attorney's fees to All Cities Towing and City Vehicle's Storage's as Norman's evidence was uncontroverted and the amount awarded was less than was sought by appellee.

For these reasons, we overrule Torres's fifth issue.

**CONCLUSION**

On the record of this case, we affirm the trial court's judgment.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

180215F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RUTH TORRES, Appellant

No. 05-18-00215-CV      V.

THE CONTINENTAL APARTMENTS,
ALL CITIES TOWING INC., AND CITY
VEHICLE STORAGE INC., Appellees

On Appeal from the County Court at Law
No. 4, Dallas County, Texas
Trial Court Cause No. CC-17-03695-D.
Opinion delivered by Justice Partida-
Kipness. Justices Whitehill and Pedersen,
III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees THE CONTINENTAL APARTMENTS, ALL CITIES TOWING INC., AND CITY VEHICLE STORAGE INC. recover their costs of this appeal from appellant RUTH TORRES.

Judgment entered this 21st day of May 2019.