251 S.W.3d 211 (2008)
In the Interest of N.E.B. and R.T.B., Minor Children.
No. 05-07-00566-CV.
Court of Appeals of Texas, Dallas.
April 11, 2008.
Lisa Renee Barton, Coppell, pro se.
Vincent R. Kirst, Law Firm of Vincent R. Kirst, Irving, for Appellee.
Before Justices MOSELEY, BRIDGES, and LANG-MIERS.

OPINION
Opinion by Justice BRIDGES.
Lisa Renee Barton appeals the trial court's order appointing her ex-husband sole managing conservator of the parties' children, N.E.B. and R.T.B. This Court, by letter dated October 2, 2007, notified Barton that her pro se brief did not comply with the rules of appellate procedure and ordered her to file an amended brief that complied with rule 38.1. On October 15, 2007 appellant filed an amended brief that similarly failed to comply with the rules of appellate procedure.
We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as *212 licensed attorneys and require them to comply with applicable laws and rules of procedure. Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex.1978). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. Shull v. United Parcel Serv., 4 S.W.3d 46, 53 (Tex. App.-San Antonio 1999, pet. denied). The law is well established that, to present an issue to this Court, a party's brief shall contain, among other things, a concise, nonargumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contention made with appropriate citations to authorities and the record. TEX.R.APP. P. 38.1; McIntyre v. Wilson, 50 S.W.3d 674, 682 (Tex.App.-Dallas 2001, pet. denied). Bare assertions of error, without argument or authority, waive error. See Sullivan v. Bickel & Brewer, 943 S.W.2d 477, 486 (Tex.App.-Dallas 1995, writ denied); see also Fredonia State Bank v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex.1994) (appellate court has discretion to waive point of error due to inadequate briefing). When a party fails to adequately brief a complaint, he waives the issue on appeal. Devine v. Dallas County, 130 S.W.3d 512, 514 (Tex.App.-Dallas 2004, no pet.); Howell v. T S Commc'ns, Inc., 130 S.W.3d 515, 518 (Tex.App.-Dallas 2004, no pet).
The record shows that the trial court conducted a hearing on April 23, 2007, at which Barton failed to appear. The trial court determined Barton had failed to attend court-ordered drug testing. Barton's ex-husband testified he had submitted to the court-ordered drug testing, had previously been appointed temporary sole managing conservator of N.E.B. and R.T.B., and had the children covered under his insurance. The trial court orally pronounced Barton's ex-husband sole managing conservator of the children and subsequently signed an order to that effect.
In her amended brief, Barton appears to argue that the trial court erred in appointing her ex-husband as sole managing conservator of N.E.B. and R.T.B. However, Barton has failed to provide us with argument, analysis, or authorities that make her appellate complaints viable. See Howell, 130 S.W.3d at 518. By failing to adequately brief her complaints, Barton has waived our review of her complaints. See Sullivan, 943 S.W.2d at 486 (concluding appellant had waived points not supported by argument and authority). Accordingly, we need not further address Barton's complaints.
We affirm the trial court's judgment.