**AFFIRM; Opinion Filed February 13, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00607-CV

**CHAO-TSU LEE, ET AL., Appellants**
**V.**
**FANNIE MAE, Appellee**

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-12-07466-A**

## MEMORANDUM OPINION
Before Justices Moseley, Bridges and Evans
Opinion by Justice Evans

Chao-Tsu Lee, Tsai-Hsien Lee, and all occupants appeal from a judgment which granted possession of certain real property to Fannie Mae. We affirm.

### BACKGROUND

Appellants granted New American Financial, Inc., a security interest in their residence located at 3614 Colbath Avenue, Garland, Texas ("Property"). The Property was sold at a non-judicial foreclosure sale to Matrix Financial Services Corp., and subsequently conveyed to Fannie Mae. Fannie Mae sued seeking possession. After the trial court granted Fannie Mae its requested judgment for possession, appellants filed this appeal.

## ANALYSIS

We start with the admonition that an appellant's brief must contain a clear and concise argument for the contentions made and citations to authorities and the record. TEX. R. APP. P. 38.1(i). Rule 38 requires a party to provide us with such discussion of the facts and authorities relied upon as may be necessary to present the issue. *Gonzalez v. VATR Const. LLC*, No. 05-12-00277-CV, 2013 WL 6504813, at *3 (Tex.App.—Dallas Dec. 12, 2013, no pet.). Inadequate briefing results in waiver of the complaint. *Dunmore v. Chicago Title Ins. Co.*, 400 S.W.3d 635, 644 (Tex. App.—Dallas 2013, no pet.).

In this instance, although appellants' brief explains why they fell in arrears on their mortgage payments, their brief lacks a clear and concise argument as well as appropriate citations to authorities and the record. Appellants also failed to file a reporter's record in this case. This Court, by letter dated July 16, 2013, notified appellants that their pro se brief did not comply with the rules of appellate procedure and advised them that failure to file an amended brief that complied with rule 38.1 could result in dismissal of the appeal. On July 25, 2013, appellants filed an amended brief which similarly failed to comply with the rules of appellate procedure. Appellants also filed additional briefing on October 25, 2013, and November 6, 2013, and neither of these briefs complied with Texas Rule of Appellate Procedure 38.

Although we construe pro se pleadings and briefs liberally, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with the applicable laws and rules of procedure. *In re N.E.B*, 251 S.W.3d 211, 211-12 (Tex. App.—Dallas 2008, no pet.); *see also Gonzalez*, 2013 WL 6504813, at *4 ("Appellate courts must construe briefing requirements reasonably and liberally, but a party asserting error on appeal still must put forth some specific argument and analysis showing that the record and the law support his contention."). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by

counsel.  *In re N.E.B.*, 251 S.W.3d at 212.  Accordingly, for all the reasons described above, appellants have waived their complaint that the trial court erred in awarding Fannie Mae possession of the Property.  *Id.*  ("When a party fails to adequately brief a complaint, he waives the issue on appeal."); *Gonzalez*, 2013 WL 6504813, at *3 ("The failure to provide appropriate record citations or a substantive analysis waives an appellate issue.").

## CONCLUSION

We resolve appellants' sole issue against them and affirm the trial court's order.


/ David Evans/
DAVID EVANS
JUSTICE


130607F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHAO-TSU LEE, ET AL., Appellants

No. 05-13-00607-CV     V.

FANNIE MAE, Appellee

On Appeal from the County Court at Law No. 1, Dallas County, Texas
Trial Court Cause No. CC-12-07466-A.
Opinion delivered by Justice Evans.
Justices Moseley and Bridges participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee FANNIE MAE recover its costs of this appeal and the full amount of the trial court's judgment from appellants CHAO-TSU LEE, ET AL., and from the cash deposit in lieu of supersedeas bond posted with the Dallas County Clerk. After the full amount of the trial court's judgment and appellee's costs have been paid, the Dallas County Clerk is directed to release the balance, if any, of the cash deposit to appellants.

Judgment entered this 13th day of February, 2014.

/David Evans/
DAVID EVANS
JUSTICE