**AFFIRMED; Opinion Filed July 21, 2015.**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00016-CV

**NANCY RANGEL AND ALL OTHER OCCUPANTS, Appellants**
**V.**
**MCMACKIN BEAM REVOCABLE TRUST, Appellee**

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-05738-B**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Myers, and Justice Evans
Opinion by Justice Evans

Appellant Nancy Rangel and all other occupants appeal from the trial court's final judgment which held that appellee McMackin Beam Revocable Trust ("Trust") was entitled to possession of the real property at issue in addition to back rent and attorneys' fees. Appellant asserts the following arguments: (1) whether the trial court correctly concluded that it had jurisdiction to hear case; (2) if the landlord's representative had legal authority to act for a California trust; (3) whether any fiduciary violations occurred from lack of proper accounting; (4) whether a clerical error occurred in reporting tenant debt; (5) this case is a re-litigation of same facts and issues; (6) whether a violation of appellant's seventh amendment right occurred; and (7) whether the forcible entry and detainer was legally sufficient to execute. We affirm.

## BACKGROUND

Charles Blaylock Realtors ("Realtors") is the property manager for the real property located at 2808 San Marcus Avenue, Dallas, Texas 75228 (the "property"). The owner of the property is the Trust and Leslie Beam is the trustee ("Trustee").

On September 8, 2008, the Realtors executed a residential lease with appellant and Danny Baird for lease of the Property. Appellant and Baird agreed to pay rent in the amount of $950.00 per month for a lease commencing on September 9, 2008, and expiring on August 1, 2009. The lease contained the following paragraph:

> This lease automatically renews on a month-to-month basis unless Landlord or Tenant provide the party written notice of termination not less than: (1) 30 days before the Expiration Date.

On May 31, 2013, the Realtors provided Rangel with a notice of landlord's intent not to renew. On July 25, 2013, the Trustee provided Rangel with written notice to vacate the property due to her refusal to pay the contracted rent. The Trustee demanded that Rangel vacate the premises by midnight on September 9, 2013. Rangel failed to surrender the property.

On September 10, 2013, the Trust filed a petition for forcible detainer in a Dallas County justice of the peace court. On September 30, 2013, the court entered judgment in favor of the Trust and granting it back rent and attorneys' fees. Appellants appealed this judgment to the County Court of Law No. 2 and a bench trial was held on December 5, 2013. The county court ruled in favor of the Trust and granted it possession of the property, back rent, and attorneys' fees. Appellant then filed this appeal.

## ANALYSIS

We start with the admonition that an appellant's brief must contain a clear and concise argument for the contentions made and citations to authorities and the record. TEX. R. APP. P.

38.1(i). Rule 38 requires a party to provide us with such discussion of the facts and authorities relied upon as may be necessary to present the issue. *Gonzalez v. VATR Const. LLC*, No. 05-12-00277-CV, 2013 WL 6504813, at *4 (Tex. App.—Dallas Dec. 12, 2013, no pet.). Inadequate briefing results in waiver of the complaint. *Dunmore v. Chicago Title Ins. Co.*, 400 S.W.3d 635, 644 (Tex. App.—Dallas 2013, no pet.).

On August 12, 2014, appellant filed her appellate brief which lacked a clear and concise argument as well as appropriate citations to authorities and the record. This Court, by letter dated August 25, 2014, notified appellant that her pro se brief did not comply with the rules of appellate procedure and advised her that failure to file an amended brief that complied with rule 38.1 could result in dismissal of the appeal. Appellant was instructed to file an amended brief by September 4, 2014. On September 4, 2014, rather than filing an amended brief, appellant filed a motion for extension of time to file petition for review. In our order dated September 18, 2014, we requested that appellant file an amended brief correcting the noted deficiencies and treated appellant's motion as a motion for an extension of time to file an amended brief. We granted the motion and gave appellant until September 30, 2014, to file an amended brief. The order stated "We caution appellant that if she fails to file an amended brief on or before **SEPTEMBER 30, 2014**, the Court may dismiss the appeal for want of prosecution without further notice. *See* TEX. R. APP. P. 42.3(b) & (c)."

On September 22, 2014, appellant filed a document titled petition for review and request of a motion for relief from judgment which similarly failed to comply with the rules of appellate procedure. On December 8, 2014, appellant filed a request for an extension of time to file a reply brief. On December 31, 2014, appellant filed a document titled amended appellant reply brief and request of a motion for relief from trial court rulings. Appellant also filed additional

briefing on January 5, 2015, April 1, 2015, and April 10, 2015, and none of these briefs complied with Texas Rule of Appellate Procedure 38.

Although we construe pro se pleadings and briefs liberally, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with the applicable laws and rules of procedure. *In re N.E.B*, 251 S.W.3d 211, 212 (Tex. App.—Dallas 2008, no pet.); *see also Gonzalez*, 2013 WL 6504813 at *4 ("Appellate courts must construe briefing requirements reasonably and liberally, but a party asserting error on appeal still must put forth some specific argument and analysis showing that the record and the law support his contention."). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *In re N.E.B.*, 251 S.W.3d at 212. Accordingly, for all the reasons described above, appellant has waived her issues on appeal. *Id.* ("When a party fails to adequately brief a complaint, he waives the issue on appeal."); *Gonzalez*, 2013 WL 6504813 at *3 ("The failure to provide appropriate record citations or a substantive analysis waives an appellate issue.").

## CONCLUSION

We resolve appellant's issues against her and affirm the trial court's judgment.


/ David Evans/
DAVID EVANS
JUSTICE

140016F.P05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

NANCY RANGEL AND ALL OTHER OCCUPANTS, Appellants

No. 05-14-00016-CV        V.

MCMACKIN-BEAM REVOCABLE TRUST, Appellee

On Appeal from the County Court at Law No. 2, Dallas County, Texas
Trial Court Cause No. CC-13-05738-B.
Opinion delivered by Justice Evans.
Chief Justice Wright and Justice Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee MCMACKIN-BEAM REVOCABLE TRUST recover its costs of this appeal from appellants NANCY RANGEL and all other occupants.

Judgment entered this 21st day of July, 2015.