

**NUMBER 13-18-00177-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**CARLTON E. CORBIN,**                                  **Appellant,**

**v.**

**HOWARD M. REINER,**                                    **Appellee.**

---

**On appeal from the County Court at Law No. 2
of Montgomery County, Texas.**

---

# ORDER TO FILE APPELLANT'S BRIEF

### Before Justices Rodriguez, Contreras, and Benavides
### Order Per Curiam

This cause is before the Court on appellant's third motion for extension of time to file amended brief.[1]   Appellant, appearing pro se, filed a brief in this cause on July 20, 2018.

---

[1] This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to a docket equalization order issued by the Supreme Court of Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C. S.).

On July 25, 2018, the Clerk of this Court notified appellant that his brief failed to comply with Texas Rule of Appellate Procedure 9.4(g), (h), (i)(3), 9.5(e), and 38.1. *See* TEX. R. APP. P. 9.4(g), (h), (i)(3), 9.5(e), and 38.1. Appellant was directed to file an amended brief within ten days.

On July 30, 2018, appellant filed a motion for extension of time to file an amended brief until September 4, 2018, which was granted by the Court. On September 4, 2018, appellant filed a second motion for extension of time requesting until February 21, 2019 to file an amended brief. This Court granted in part and denied in part appellant's second motion for extension of time to file an amended brief and directed appellant to file an amended brief on or before October 4, 2018. Appellant did not file an amended brief, but instead filed a third motion for extension of time until February 21, 2019 to file an amended brief.

We liberally construe pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *In re N.E.B.*, 251 S.W.3d 211, 211-12 (Tex. App.—Dallas 2008, no pet.). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 53 (Tex. App.—San Antonio 1999, pet. denied).

Upon review of the appellant's brief, we find that the brief contains numerous formal defects and that the case has not been properly presented. *See* TEX. R. APP. P. 38.9. The brief fails to contain any of the headings and sections required by Rule 38.1 and further: (1) does not contain an identity of parties and counsel as required by Rule

2

38.1(a); (2) does not contain a table of contents as required by Rule 38.1(b); does not contain an index of authorities as required by Rule 38.1(c); does not contain a statement of the case as required by Rule 38.1(d); does not contain the issues presented as required by Rule 38.1(f); does not contain a statement of facts supported by record references as required by Rule 38.1(g); does not contain a summary of the argument as required by Rule 38.1(h); does not contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record as required by Rule 38.1(i); and does not contain a prayer as required by Rule 38.1(j). Furthermore, the brief fails to comply with Rule 9.4(g), (h), (i)(3), in that the brief does not contain a cover page, the appendix is not in compliance, the brief does not contain a certificate of compliance, and the certificate of service is not in compliance with Rule 9.5(e). Accordingly, under the authority of Texas Rule of Appellate Procedure 38.9(a) and (b), we STRIKE appellant's brief.

We GRANT IN PART AND DENY IN PART appellant's third motion for extension of time to file an amended brief until February 21, 2019. The motion is DENIED insofar as the Court will not allow an extension until February 21, 2019. Appellant is hereby ORDERED to file an amended brief with this Court that complies with the above rules within fifteen days from the date of this order.

If appellant files an amended brief that fails to comply with this order of the Court and the Texas Rules of Appellate Procedure, the Court may strike the brief, prohibit appellant from filing another, and proceed as if appellant had failed to file a brief. *See id.* 38.9(a). Under such circumstances, the Court may dismiss the appeal for want of prosecution and appellant's failure to comply with this Court's directive and the appellate

3

rules.   *See id.* 38.8(a)(1), 42.3(b), (c).

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the
12th day of October, 2018.