**AFFIRMED and Opinion Filed December 13, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01074-CV

## THE STATE OF TEXAS, COUNTY OF DALLAS, FOR THE BEST INTEREST AND PROTECTION OF A.P., Appellant

**On Appeal from the Probate Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. MED18-80318**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Brown and Evans
Opinion by Chief Justice Wright

Appellant A.P. appeals an order to administer psychoactive medication. In six issues, A.P. generally contends the evidence is legally and factually insufficient to support the trial court's order. For the following reasons, we affirm.

### Background

A.P. was found incompetent to stand trial for criminal charges and ordered to receive in-patient mental health services at Terrell State Hospital. The hospital filed an application with the probate court for an order to administer psychoactive medication to A.P. At the hearing on the motion, Dr. Margaret Weidow, a staff psychiatrist at the hospital, testified A.P. has schizoaffective disorder, bipolar type. As a result, she suffers from grandiose delusions and has "loose associations" or "flight of ideas." Weidow recommended that A.P. be treated with three classes of psychoactive medication to treat her symptoms. A.P. however had refused medication. In

Weidow's opinion, A.P. lacked the capacity to make decisions regarding the medication due to her mental illness. For example, Weidow testified that A.P. told her she could not take antipsychotics because she was a pilot, which Weidow believed was a delusion. Dr. James Grant Shupe, a psychiatrist in private practice, testified he reviewed A.P.'s file and agreed with Weidow's opinions. Shupe also spoke to A.P. Shupe testified that A.P. told him that she believed the medication request was the result of retaliation, which he believed was a delusion.

A.P. testified she objected to being forced to take medication against her will. A.P. identified her main concern(s) as follows: "it violates my pilot Bill of Rights, as well as my scheduled egg freezing, and it will criminalize my ability to get my procedure done." Regarding the egg freezing, she elaborated: "it would be criminalizing an unborn fetus by interrupting family planning to administer oppression without probable cause by attempting to diagnose the procedures of mental illness against the social attitudes, religious preference, and racial canon to illegally charter gender discrimination for my egg freezing," A.P. also testified she was concerned the medication would cause her to gain weight and she would need "to have [her] bones broken to be beautiful in order to maintain a certain figure." Finally, A.P. disagreed that she needed the medication to regain competency because she believed she was not incompetent.

Following the hearing, the trial court signed an order authorizing the hospital to administer the proposed medications to A.P. The trial court's order was based on its findings, by clear and convincing evidence, that A.P. lacked the capacity to make a decision regarding the administration of the medications and it was in A.P.'s best interests to have treatment with the proposed medications. This appeal followed.

**Applicable Law**

A trial court may issue an order authorizing the administration of one or more classes of psychoactive medications to a patient who is under a court order to receive inpatient mental health

–2–

services. TEX. HEALTH & SAFETY CODE ANN. § 574.106(a)(1) (West 2017). The court may issue an order if it finds by clear and convincing evidence that the patient lacks the capacity to make a decision regarding the administration of the proposed medication and treatment with the proposed medication is in the best interest of the patient. *Id.* at § 574.106(a–1)(1). A patient lacks the capacity to make a decision regarding the administration of medication if the patient does not understand the nature of the mental disorder or the necessity of the medication. *State ex rel. C.G.*, 372 S.W.3d 746, 750 (Tex. App.—Dallas 2012, no pet.); *State ex rel. D.W.*, 359 S.W.3d 383 (Tex. App.—Dallas 2012, no pet.).

Clear and convincing evidence is "that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." *State v. Addington*, 588 S.W.2d 569, 570 (Tex. 1979) (per curiam). In evaluating evidence for legal sufficiency under a clear and convincing standard, we review all the evidence in the light most favorable to the finding to determine whether a reasonable fact finder could have formed a firm belief or conviction that the finding was true. *See In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). When reviewing factual sufficiency, we must give due consideration to evidence that the fact finder could reasonably have found to be clear and convincing and then determine whether, based on the entire record, a fact finder could reasonably form a firm conviction or belief that the finding was true. *See id.*

### Application

On appeal, A.P. asserts six issues challenging the legal and factual sufficiency of the evidence to support the trial court's order, which she argues under a single heading.[1] A.P. first

---

[1] In her listed issues, A.P. asserts there is no evidence, legally insufficient evidence, and factually insufficient evidence to support the trial courts findings that she "lacks the capacity to make a decision regarding the administration of the proposed medication and that the proposed medication is in the best interest of the patient." In the argument that follows, A.P. does not reference the trial court's best interest finding or contend the evidence is insufficient to support that finding. To the extent A.P. intended to challenge the sufficiency of the evidence to support that finding, the complaint is inadequately briefed and presents nothing to review. *See* TEX. R. APP. P. 38.1(i) (an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *see also Turner v. Church of Jesus Christ of Latter-Day Saints*, 18 S.W.3d 877, 900 (Tex. App.—Dallas 2000, pet. denied).

argues the evidence is legally and factually insufficient to support the trial court's finding that she lacks the capacity to make a decision regarding the administration of the proposed medication.

Weidow testified A.P. lacked the capacity to make a decision regarding the administration of the medications due to her mental illness. Dr. Shume concurred with Weidow's opinion. In addition, both Weidow and Shume testified A.P.'s concerns about taking the proposed medications were based on what they believed to be delusions. A.P.'s testimony regarding her concerns about the criminalization of her scheduled egg freezing and the possible need to have her bones broken supported their assessment. Reviewing the entire record, the trial court could have formed a firm belief or conviction that A.P. lacked the capacity to make a decision about the administration of the proposed medications. *See State for Best Interest & Prot. of T.T.*, 05-14-01242-CV, 2014 WL 7234169, at *6 (Tex. App.—Dallas Dec. 19, 2014, no pet.).

A.P. also argues the evidence is insufficient to show she presented a danger to herself or others. The trial court's order was based on its findings that A.P. lacked the capacity to make a decision regarding the administration of the proposed medication and treatment with the proposed medication was in her best interest. Those findings were sufficient to support the trial court's order. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.106(a-1)(1); *In re A.S.K.*, 02-13-00129-CV, 2013 WL 3771348, at *3 (Tex. App.—Fort Worth July 18, 2013, no pet.). Thus, this complaint presents nothing to review.

Finally, A.P. asserts the evidence is insufficient to support findings required by *Sell v. United States*, 539 U.S. 166 (2003). An individual has a constitutionally protected liberty interest in avoiding the involuntary administration of antipsychotic drugs. *Id*. at 178. In *Sell*, the United States Supreme Court held if the sole reason for a medication order is to restore the patient's competency to stand trial, the trial court must (1) find that important governmental interests are at stake, (2) conclude that involuntary medication will significantly further those concomitant state

–4–

interests, (3) conclude that involuntary medication is necessary to further those state interests, and (4) conclude that administration of the drugs is medically appropriate. *Id*. at 180–81.

A.P.'s entire "argument" in support of this complaint asserts, "the testimony provided did not support the required findings under *Sell*." A.P.'s bare assertion that the evidence is insufficient to support multiple required findings presents nothing to review. *See In re N.E.B*., 251 S.W.3d 211, 212 (Tex. App.—Dallas 2008, no pet.) (bare assertions of error without substantive argument insufficient to present a complaint for appellate review).

We affirm the trial court's order.


/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE


181074F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, COUNTY OF DALLAS, FOR THE BEST INTEREST AND PROTECTION OF A.P., Appellant

No. 05-18-01074-CV

On Appeal from the Probate Court No. 3, Dallas County, Texas
Trial Court Cause No. MED18-80318.
Opinion delivered by Chief Justice Wright.
Justices Evans and Brown participating.

In accordance with this Court's opinion of this date, the trial court's order is **AFFIRMED**.

Judgment entered December 13, 2018.