AFFIRM; Opinion Filed February 12, 2021



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-19-01468-CV**

**JULIE ANN CLARK AND JESSE MILLER, Appellants**
**V.**
**TBF FINANCIAL, LLC, Appellee**

**On Appeal from the County Court at Law No. 3**
**Collin County, Texas**
**Trial Court Cause No. 003-02652-2019**

## MEMORANDUM OPINION

Before Justices Schenck, Smith, and Garcia
Opinion by Justice Schenck

Julie Ann Clark and Jesse Miller, pro se litigants, appeal from the trial court's summary judgment in favor of appellee TBF Financial, LLC. In two issues, appellants argue the judgment should be set aside because they allege they did not receive notice of the motion for summary judgment in advance of the trial court's ruling. Appellants failed to comply with the briefing requirements of our appellate rules after having been given the opportunity to do so. Thus, they waived their complaints. Because all dispositive issues are settled in law, we issue this

memorandum opinion.  *See* TEX. R. APP. P. 47.2(a), 47.4.  We affirm the trial court's judgment.

## BACKGROUND

On March 17, 2020, appellants filed their appellate brief.  On March 25, this Court sent written notice to appellants that their brief did not satisfy the minimum requirements of the rules of appellate procedure. The notice advised appellants that their brief was deficient as follows:

1.      The brief did not contain a concise statement of the case, the course of proceedings, and the trial court's disposition of the case supported by record references.

2.      The brief did not concisely state all issues or points presented for review.

3.      The brief did not contain a concise statement of the facts supported by record references.

4.      The brief did not contain a succinct, clear, and accurate statement of the arguments made in the body of the brief.

5.      The argument did not contain appropriate citations to authorities.

6.      The argument did not contain appropriate citations to the record.

7.      The brief did not contain a short conclusion that clearly stated the nature of the relief sought.

8.      The brief did not contain a proper certificate of compliance.

9.      The brief did not contain a proper certificate of service.

10.     The following were omitted from the appendix.

     a.      The trial court's judgment.

     b.      The jury charge and verdict, if any, or the trial court's findings of fact and conclusions of law, if any.

        c.      The text of any contract or other document that was central to the argument.

*See* TEX. R. APP. P. 9.5, 9.4, 38.1.

On April 7, 2020, appellants filed a second brief, which failed to correct all of the deficiencies noted by this Court, including appropriate citations to legal authorities and to the record. This appeal was submitted on that second deficient brief.

## DISCUSSION

We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.–Dallas 2008, no pet.). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Id.* at 212. The law is well established that, to present an issue to this Court, a party's brief shall contain, among other things, a concise, non-argumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contention made with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1. When a party, despite notice and an opportunity to cure, fails to adequately brief a complaint, he waives the issue on appeal. *See* TEX. R. APP. P. 44.3; *Bertaud v. Wolner Indus.*, No. 05-15-00620-CV, 2017 WL 1360197, at *2 (Tex. App.—Dallas Apr. 12, 2017, no pet.) (mem. op.).

The record contains a notice of submission of the motion for summary judgment that is addressed to appellants at the same address as the returns of service, as well as a certificate of service. *See* TEX. R. CIV. P. 21a. Nothing in the brief record before this Court supports appellants' claim they did not receive notice of the motion for summary judgment. *See Strobel v. Marlow*, 341 S.W.3d 470, 476 (Tex. App.—Dallas 2011, no pet.) (citing TEX. R. CIV. P. 21a) (certificate of service prima facie evidence service took place). Thus, appellants have failed to provide us with argument, analysis, or authorities that would entitle them to relief on appeal. *See Bertaud*, 2017 WL 1360197, at *3. Accordingly, we need not further address appellants' issues.

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

191468F.P05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JULIE ANN CLARK AND JESSE
MILLER, Appellants

No. 05-19-01468-CV     V.

TBF FINANCIAL, LLC, Appellee

On Appeal from the County Court at
Law No. 3, Collin County, Texas
Trial Court Cause No. 003-02652-
2019.
Opinion delivered by Justice
Schenck. Justices Smith and Garcia
participating.

In accordance with this Court's opinion of this date, the judgment of the trial
court is **AFFIRMED**.

It is **ORDERED** that appellee TBF FINANCIAL, LLC recover its costs of
this appeal from appellants JULIE ANN CLARK AND JESSE MILLER.

Judgment entered this 12th day of February, 2021.