**AFFIRM; Opinion Filed January 18, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-00446-CV

### SHAMIM A. CHOWDHURY, Appellant
### V.
### CITIBANK, N.A., Appellee

**On Appeal from the County Court at Law No. 5
Dallas County, Texas
Trial Court Cause No. CC-19-06996-E**

## MEMORANDUM OPINION

Before Justices Schenck, Osborne, and Partida-Kipness
Opinion by Justice Schenck

Shamim A. Chowdhury, a pro se litigant, appeals from the dismissal of his claims against appellee Citibank, N.A. for fraudulent lien and violations of the Texas Fair Debt Collection Act. Appellant failed to comply with the briefing requirements of our appellate rules after having been given the opportunity to correct that failure. *See* TEX. R. APP. P. 44.3. Thus, he waived his complaint. Because all dispositive issues are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

## BACKGROUND

On September 29, 2020, appellant filed his appellate brief. On October 5, this Court sent written notice to appellant that his brief did not satisfy the minimum requirements of the rules of appellate procedure. The notice advised appellant that his brief was deficient as follows:

1.    The table of contents did not indicate the subject matter of each issue or point, or group of issues or points.

2.    The brief did not contain an index of authorities arranged alphabetically and indicating the pages of the brief where the authorities were cited.

3.    The brief did not contain a concise statement of the case, the course of proceedings, and the trial court's disposition of the case **supported by record references**.

4.    The brief did not contain a concise statement of the facts **supported by record references**.

5.    The brief did not contain a succinct, clear, and accurate statement of the arguments made in the body of the brief.

6.    The argument did not contain appropriate citations to authorities.

7.    The argument did not contain appropriate citations to the record.

8.    The brief did not contain a proper certificate of compliance.

9.    The brief did not contain a proper certificate of service.

10.    The trial court's judgment was omitted from the appendix.

*See* TEX. R. APP. P. 9.5, 38.1 (emphasis in original).

Over the next two months, appellant filed two motions requesting more time to amend his brief. We granted each of them. On November 18, 2020, appellant filed a second brief. Appellee filed a response brief, pointing out that appellant's

second brief had not remedied all of the deficiencies identified by this Court and had thus waived any issues for our review. Appellant did not file any reply brief or any other brief.

## DISCUSSION

We construe liberally pro se pleadings and briefs; however, we are obliged to hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.). The law is well established that, to present an issue to this Court, a party's brief shall contain, among other things, a concise, non-argumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contention made with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1. When a party, despite notice and an opportunity to cure, fails to adequately brief a complaint, he waives the issue on appeal. *See* TEX. R. APP. P. 44.3; *Bertaud v. Wolner Indus.*, No. 05-15-00620-CV, 2017 WL 1360197, at *2 (Tex. App.—Dallas Apr. 12, 2017, no pet.) (mem. op.).

In its response brief, appellee points out that appellant's second brief does not include any citations to the record in its statement of the case or statement of the facts, an index of authorities, or relevant citations to the record or authorities to support his arguments in violation of appellate rule 38. We agree. Therefore, even assuming any of the issues raised by appellant's brief constituted reversible error,

–3–

and despite notification of and opportunities to correct his brief's deficiencies, appellant has failed to provide us with record references or authorities that would entitle him to relief on appeal. *See Bertaud*, 2017 WL 1360197, at *3. Accordingly, we need not further address appellant's issues.

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

200446F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

SHAMIM A. CHOWDHURY,
Appellant

No. 05-20-00446-CV     V.

CITIBANK, N.A., Appellee

On Appeal from the County Court at
Law No. 5, Dallas County, Texas
Trial Court Cause No. CC-19-06996-E.
Opinion delivered by Justice
Schenck. Justices Osborne and
Partida-Kipness participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CITIBANK, N.A. recover its costs of this appeal from appellant SHAMIM A. CHOWDHURY.

Judgment entered this 18th day of January 2022.