**AFFIRM; Opinion Filed September 14, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-21-00638-CV**
_____

**CYNTHIA ANTHONY, Appellant**
**V.**
**HIGHLAND BLUFF, LLC, A/K/A HIGHLAND BLUFF APARTMENTS,**
**Appellee**

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-20-04142-C**

**MEMORANDUM OPINION**

Before Justices Schenck, Reichek, and Goldstein
Opinion by Justice Schenck

Cynthia Anthony, a pro se litigant, appeals from the trial court's order granting no-evidence and traditional summary judgment in favor of appellee Highland Bluff LLC, a/k/a Highland Bluff Apartments ("Highland Bluff"). We construe Anthony's brief to raise issues challenging whether the trial court judge or Highland Bluff appeared in court for the summary judgment hearing and whether the trial court erred by refusing to consider her evidence. Anthony failed to comply with the briefing requirements of our appellate rules despite having been given the opportunity to do so. Thus, she waived her complaints. Because all dispositive issues are settled in

law, we issue this memorandum opinion.  *See* TEX. R. APP. 47.2((a), 47.4.  We affirm the trial court's judgment.

## BACKGROUND

On October 26, 2021, Anthony filed her appellate brief.  On November 2, this Court sent written notice to Anthony that her brief did not satisfy the minimum requirements of the rules of appellate procedure.  The notice advised her that her brief was deficient as follows:

1. The brief did not contain a complete list of all parties to the trial court['s] judgment or appealable order with the names and addresses of all trial and appellate counsel.

2. The brief did not contain a table of contents with references to the pages of the brief.

3. The table of contents did not indicate the subject matter of each issue or point, or group of issues or points.

4. The brief did not contain an index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited.

5. The brief did not contain a concise statement of the case, the course of proceedings, and the trial court's disposition of the case supported by record references.

6. The brief did not concisely state all issues or points presented for review.

7. The brief did not contain a concise statement of the facts supported by record references.

8. The brief did not contain a succinct, clear, and accurate statement of the arguments made in the body of the brief.

9. The argument did not contain appropriate citations to authorities.

10. The argument did not contain appropriate citations to the record.

11. The brief did not contain a short conclusion that clearly stated the nature of the relief sought.

12. The brief did not contain a proper certificate of compliance.

13. The brief did not contain a proper certificate of service.

14. The following were omitted from the appendix.

   a.    The trial court's judgment.

   b.    The jury charge and verdict, if any, or the trial court's findings of fact and conclusions of law, if any.

*See* TEX. R. APP. P. 9.5, 9.4, 38.1.

On November 18, Anthony filed a second brief, which failed to correct all of the deficiencies noted by this Court, including appropriate citations to legal authorities and to the record. This appeal was submitted on that second deficient brief.

## DISCUSSION

We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.–Dallas 2008, no pet.). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Id.* at 212. The law is well established that, to present an issue to this Court, a party's brief shall contain, among other things, a concise, non-argumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contention

–3–

made with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1. When a party, despite notice and an opportunity to cure, fails to adequately brief a complaint, he waives the issue on appeal. *See* TEX. R. APP. P. 44.3; *Bertaud v. Wolner Indus.*, No. 05-15-00620-CV, 2017 WL 1360197, at *2 (Tex. App.—Dallas Apr. 12, 2017, no pet.) (mem. op.).

The record contains the court reporter's record of the hearing on Highland Bluffs' motion for summary judgment, showing the trial court judge and Highland Bluff appeared. Nothing in the brief record before this Court supports Anthony's claims that neither appeared at the hearing. As for Anthony's arguments that the trial court refused to consider her evidence, the record reflects she did not make a bill of proof or otherwise preserve this evidence in the record for our review. *See Stephens Cnty. v. J.N. McCammon, Inc.*, 52 S.W. 2d 53, 55 ( Tex. 1932) ("When an appellate court is called upon to revise the ruling of a trial court, it must do so upon the record before that court when such ruling was made."). Thus, Anthony has failed to provide us with argument, analysis, or authorities that would entitle her to relief on appeal. *See Bertaud*, 2017 WL 1360197, at *3. Accordingly, we need not further address Anthony's issues.

## CONCLUSION

We affirm the trial court's judgment.

210638f.p05

/David J. Schenck//
DAVID J. SCHENCK
JUSTICE

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CYNTHIA ANTHONY, Appellant

No. 05-21-00638-CV        V.

HIGHLAND BLUFF, Appellee

On Appeal from the County Court at Law No. 3, Dallas County, Texas

Trial Court Cause No. CC-20-04142-C.

Opinion delivered by Justice Schenck. Justices Reichek and Goldstein participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee HIGHLAND BLUFF recover its costs of this appeal from appellant CYNTHIA ANTHONY.

Judgment entered this 14th day of September 2022.