**AFFIRMED and Opinion Filed November 1, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01287-CV**

**CATHY ENWERE, Appellant**
**V.**
**DALLAS COUNTY HOSPITAL DISTRICT**
**D/B/A PARKLAND HEALTH & HOSPITAL SYSTEM, Appellee**

**On Appeal from the 95th District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-09672**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Reichek, and Breedlove
Opinion by Justice Reichek

Cathy Enwere, pro se, appeals the trial court's order granting a plea to the jurisdiction filed by Dallas County Hospital District d/b/a Parkland Health & Hospital System ("Parkland"). For reasons that follow, we affirm.

Enwere was represented by counsel when she filed this lawsuit against Parkland and two non-governmental defendants for personal injuries allegedly caused by an elevator at a Parkland facility. She alleged that as she was getting into an elevator, the doors closed on her without warning, causing her to fall. She asserted claims against Parkland for negligence and premises liability.

Parkland filed a plea to the jurisdiction. Parkland maintained that Enwere could not pursue both a general negligence claim and a premises liability claim against it, and if she had a claim, it was for premises liability. Parkland argued the trial court lacked subject matter jurisdiction over Enwere's premises liability claim because Enwere did not plead facts to demonstrate a waiver of Parkland's governmental immunity under the Texas Tort Claims Act (TTCA). To demonstrate a waiver of governmental immunity, Enwere had to plead that a condition of Parkland's property created an unreasonable risk of harm, Parkland had actual knowledge of the condition, Enwere lacked actual knowledge of the condition, Parkland failed to exercise ordinary care to protect her from danger, and its failure was a proximate cause of the injury. *See, e.g., City of Richardson v. Justus*, 329 S.W.3d 662, 666 (Tex. App.—Dallas 2010, no pet.); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 101.022. Parkland claimed Enwere had not alleged sufficient facts to show it had actual knowledge of an unreasonably dangerous condition.

Before any response was filed, Parkland filed a supplemental brief along with video of the incident. Parkland argued the "indisputable video evidence" conclusively proved the elevator did not cause Enwere to fall. The video does not show the elevator doors closing on Enwere as alleged. It shows that Enwere tripped on her way to catch the elevator and fell near the elevator doors. Parkland argued that because the elevator had nothing to do with Enwere's fall, she could not offer

jurisdictional evidence to establish a claim that falls within a waiver of Parkland's governmental immunity.

About a week later, and the day before a scheduled hearing on the plea to the jurisdiction, Enwere's attorney filed a motion to withdraw on grounds she was unable to effectively communicate with her client. At the hearing the next day, counsel reported that Enwere had instructed her not to act on her behalf. The trial court continued the hearing on the plea to the jurisdiction to allow Enwere to find new counsel. A couple of weeks later, with no objection from Enwere to the motion to withdraw, the court permitted her attorney to withdraw.

Enwere did not obtain new counsel, and the day before the rescheduled hearing on the plea to the jurisdiction, she filed a pro se amended petition. She alleged Parkland did not have governmental immunity, and she continued to assert claims for negligence and premises liability. In addition to allegations about the elevator, she alleged for the first time that Parkland failed to provide proper medical care after she fell.

Parkland addressed Enwere's new allegations at the hearing. It argued the court lacked jurisdiction over any medical negligence claim because Enwere failed to bring a claim within a waiver of immunity and failed to give pre-suit notice of the claim as required by § 101.101 of the TTCA. Regarding the premises liability claim, Parkland argued that Enwere had not alleged Parkland had actual knowledge of any defect in the elevator and asserted the video negated the fact that the incident arose

from any condition of the elevator. The trial court granted the plea to the jurisdiction and dismissed Enwere's claims against Parkland with prejudice. This interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8).

On January 27, 2023, this Court notified Enwere that her brief failed to comply with Rule 38 of the Texas Rules of Appellate Procedure. Enwere was notified her brief was deficient because it did not contain: (1) a table of contents; (2) an index of authorities; (3) a concise statement of the case; (4) a concise statement of facts supported by record references; and (5) argument supported by appropriate citations to authorities and the record. *See* TEX. R. APP. P. 38.1(b), (c), (d), (g), and (i). We cautioned Enwere that failure to file an amended brief within ten days may result in dismissal of the appeal. Enwere did not file an amended brief.

We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.). To do otherwise would give a pro se litigant an unfair advantage over a litigant represented by counsel. *Id.* at 212. When a party fails to adequately brief a complaint, she waives the issue on appeal. *Id.*

Enwere's brief lists twelve arguments and one "issue presented." The arguments she makes are unclear. Despite being given an opportunity to correct the deficiencies in her brief, Enwere has failed to offer any meaningful legal analysis, cite controlling legal authority, or reference the relevant portions of the record. We

therefore conclude nothing is preserved for appellate review. *See Gallagher v. Paxton*, No. 05-19-00902-CV, 2020 WL 1887893, at *1 (Tex. App.—Dallas Apr. 16, 2020, no pet.) (mem. op.); *Willms v. Wilson*, No. 05-09-01048-CV, 2010 WL 1495143, at *2 (Tex. App.—Dallas Apr. 15, 2010, no pet.) (mem. op.).

Further, to the extent we can understand Enwere's brief, most of it involves complaints about her lawyer. None of her arguments involve the issue presented by Parkland's plea to the jurisdiction—whether Enwere alleged a claim falling within the TTCA's limited waiver of governmental immunity. Enwere has not shown the trial court erred in granting the plea to the jurisdiction.

We affirm the trial court's order granting Parkland's plea to the jurisdiction.

/Amanda L. Reichek/
AMANDA L. REICHEK
221287F.P05                                    JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CATHY ENWERE, Appellant

No. 05-22-01287-CV     V.

DALLAS COUNTY HOSPITAL
DISTRICT D/B/A PARKLAND
HEALTH & HOSPITAL SYSTEM,
Appellee

On Appeal from the 95th District
Court, Dallas County, Texas
Trial Court Cause No. DC-22-09672.
Opinion delivered by Justice
Reichek. Justices Partida-Kipness
and Breedlove participating.

In accordance with this Court's opinion of this date, the trial court's November 15, 2022 order granting appellee's plea to the jurisdiction is **AFFIRMED**.

It is **ORDERED** that appellee Dallas County Hospital District d/b/a Parkland Health & Hospital System recover its costs of this appeal from appellant Cathy Enwere.

Judgment entered this 1st day of November 2023.