**AFFIRMED and Opinion Filed November 28, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00883-CV**

**DAVID GARVIN, JR., Appellant**
**V.**
**AMERICAN EXPRESS NATIONAL BANK, Appellee**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-06754**

## MEMORANDUM OPINION

Before Justices Goldstein, Garcia, and Miskel
Opinion by Justice Goldstein

David Garvin, Jr., appeals the trial court's judgment in favor of American Express National Bank in the underlying debt collection suit. In a single issue, Garvin argues that his due process rights were violated when he was given "misinformation" about a hearing in the underlying case. We affirm the trial court's judgment.

In May 2021, American Express filed its original petition alleging that Garvin defaulted on his obligation to make monthly payments on his credit card account and had a balance due of $22,028.33. Garvin did not respond, and American Express

filed a motion for default judgment on July 29, 2021. On July 6, 2022, at a hearing at which Garvin was present, the trial court specially set the case for trial at 9:00 a.m. on August 9, 2022. On August 9, 2022, the trial court entered a final judgment awarding American Express $22,028.33 in damages, filing fees, costs of court, and process service fees. On August 10, 2022, the trial court served notice of the judgment on American Express and Garvin. On September 7, 2022, Garvin filed his notice of appeal.

In a single issue, Garvin argues for the first time that his due process rights were violated when he was given misinformation by the district court's "administrative office." Specifically, Garvin complains he spoke with two different people on the morning of August 9, 2022, and he was told that his "trial was no longer scheduled for August 9, 2022 because it conflicted with a jury trial" the judge was presiding over that same morning. Garvin also emailed the district court on August 9, 2022, but did not receive an answer until the next day when he sent another email and received a response saying the record indicated that the case was heard on July 6, 2022. Garvin only found out about the August 9 judgment when he went online to Dallas court records.

The record shows that Garvin attended the July 6, 2022, hearing at which the trial court set the case for trial at 9:00 a.m. on August 9, 2022. Although Garvin claims he was given "misinformation" on August 9, 2022, he did not file a motion

–2–

for new trial[1] or otherwise raise this complaint in the trial court or assert any violation of his constitutional rights until he raised those complaints in his brief in this Court.

We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.–Dallas 2008, no pet.). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Id.* at 212. Under our Rules of Appellate Procedure, a party must present to the trial court a timely request, motion, or objection, state the specific grounds therefor, and obtain a ruling. TEX. R. APP. P. 33.1; *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003) (holding appellant's due process argument not preserved when not raised in trial court).

Here, because Garvin failed to raise in the trial court the issues asserted in his appellate brief, we conclude he has not preserved those issues for our review. *See* TEX. R. APP. P. 33.1; *In re L.M.I.*, 119 S.W.3d at 711. Accordingly, we do not further address Garvin's issue.

---

[1] To the extent appellant seeks to challenge the trial court's failure to set aside the default judgment, he would be required to do so in a Motion for New Trial. Specifically:

> b) Motion for New Trial Required. A point in a motion for new trial is a prerequisite to the following complaints on appeal:
>> (1) A complaint on which evidence must be heard such as one of jury misconduct or newly discovered evidence or failure to set aside a judgment by default[.]

TEX. R. CIV. P. 324(b)(1).

We affirm the trial court's judgment.

220883F.P05

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

DAVID GARVIN, JR., Appellant

No. 05-22-00883-CV       V.

AMERICAN EXPRESS
NATIONAL BANK, Appellee

On Appeal from the 101st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-06754.
Opinion delivered by Justice
Goldstein. Justices Garcia and Miskel
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee AMERICAN EXPRESS NATIONAL BANK recover its costs of this appeal from appellant DAVID GARVIN, JR.

Judgment entered this 28th day of November 2023.