**Affirmed and Opinion Filed March 27, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00881-CV**

**BARBARA DIXON, Appellant**
**V.**
**TRANSPORT AMERICA, Appellee**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-06464**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Breedlove
Opinion by Justice Goldstein

Appellant Barbara Dixon appeals from the trial court's order granting traditional summary judgment in favor of appellee Transport America. Dixon contends that the trial court erred in granting summary judgment. We affirm. Because all dispositive issues are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.2.

# I. BACKGROUND[1]

Dixon worked as a truck driver for Transport America from approximately June 4, 2018 to March 7, 2019, when she was terminated after a trucking incident. In April of 2019, Dixon became aware that Transport America had reported information concerning the incident to HireRight, LLC, a consumer reporting agency, which she believed could impact her future employment. Dixon disputed the information on the HireRight report through various complaints and communications to HireRight.

On May 3, 2021, Dixon filed a Charge of Discrimination with the Texas Workforce Commission Civil Rights Division (TWC) and the United States Equal Employment Opportunity Commission (EEOC) alleging that Transport America had discriminated against her on the basis of her race on March 2, 2019. The EEOC issued a Notice of Right to Sue on May 3, 2021, and Dixon brought this lawsuit against Transport America on May 21, 2021.[2] Dixon's petition did not identify any specific causes of action, but based on the allegations in the petition, Transport America addressed potential claims of: (1) discrimination under the Texas

---

[1] Because Dixon did not provide this Court with a Statement of Facts as required under Texas Rule of Appellate Procedure, we draw these facts from Transport America's brief. *See* TEX. R. APP. P. 38.2(a)(1)(B). The record before us also supports these historic facts.

[2] Dixon also filed a second lawsuit against Transport America and HireRight in County Court at Law Number 1 of Dallas County, which was removed to the Northern District of Texas, Dallas Division which was dismissed. Because that later-filed case is not relevant to the issues brought in this appeal, we do not address it further. *See* TEX. R. APP. P. 47.2.

Commission on Human Rights Act (TCHRA), Title VII[3]; (2) defamation; and (3) personal injury. Dixon generally alleged that Transport America discriminated against her during her employment and wrongfully terminated her based on a false allegation related to a driving incident. Dixon further contended that she lost job opportunities because of the false information she claims Transport America reported to HireRight.

Transport America filed a traditional motion for summary judgment on July 19, 2022, asserting: (1) Dixon's claims were time-barred; (2) Dixon's factual allegations of unintentional discrimination are incompatible with the elements of a race discrimination claim under Section 1983; and (3) the single action rule precluded Dixon from simultaneously pursuing her claims in multiple separate proceedings. On July 29, 2022, Dixon filed a "Motion Dismissing Summary Judgment" responding to Transport America's motion and attaching as exhibits various documents. The trial court held a hearing on Transport America's motion and excluded Dixon's attachments. The trial court granted Transport America's motion on August 15, 2022.

Dixon filed a motion for new trial on August 16, 2022 but filed her notice of appeal to this Court on September 7, 2022, before the trial court heard her motion for new trial.

---

[3] 42 U.S.C. § 1981.

## II.   ANALYSIS

Transport America argues that Dixon's brief is deficient under the Texas Rules of Appellate Procedure and should be dismissed without the Court addressing the merits of the appeal and that Dixon failed to preserve any point of error for this Court to address the merits of the appeal.

On January 17, 2023, Dixon submitted her appellant's brief for filing. In a letter dated January 27, 2023, this Court notified Dixon that her brief failed to meet the following briefing requirements:

1) It does not contain a complete list of all parties to the trial courts' judgment or appealable order with the names and addresses of all trial and appellate counsel. TEX. R. APP. P. 38.1(a).

2) It does not contain a table of contents with references to the pages of the brief. TEX. R. APP. P. 38.1(b).

3) The table of contents does not indicate the subject matter of each issue or point, or group of issues or points. TEX. R. APP. P. 38.1(b).

4) It does not contain an index of authorities arranged alphabetically and indicating the pages of the brief where the authorities are cited. TEX. R. APP. P. 38.1(c).

5) It does not contain a concise statement of the case, the course of proceedings, and the trial court's disposition of the case supported by record references. TEX. R. APP. P. 38.1(d).

6) It does not concisely state all issues or points presented for review. TEX. R. APP. P. 38.1(f).

7) It does not contain a concise statement of the facts supported by record references. TEX. R. APP. P. 38.1(g).

–4–

8)      It does not contain a succinct, clear, and accurate statement of the arguments made in the body of the brief. TEX. R. APP. P. 38.1(h).

9)      The argument does not contain appropriate citations to authorities. TEX R. APP. P. 38.1(i).

10)     The argument does not contain appropriate citations to the record. TEX. R. APP. P. 38.1(i).

11)     It does not contain a short conclusion that clearly states the nature of the relief sought. TEX. R. APP. P. 38.1(j).

12)     Documents contain sensitive data. TEX. R. APP. P. 9.9, 9.10.

We cautioned Dixon that a failure to file an amended brief that complied with the Texas Rules of Appellate Procedure within 10 days of the date of the letter "may result in dismissal of this appeal without further notice from the Court. *See* TEX. R. APP. P. 38.8(a)(1), 42.3(b), (c)." On February 10, 2023, Dixon submitted her amended brief, which failed to correct all of the deficiencies noted by this Court, including no analysis to support her contentions, citations to the record, or discussion of the cited legal authority. This appeal was submitted on the amended deficient brief.

In Texas, an individual who is a party to civil litigation has the right to represent herself at trial and on appeal. TEX. R. CIV. P. 7. The right of self-representation carries with it the responsibility to adhere to our rules of appellate procedure. *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.).

–5–

We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.–Dallas 2008, no pet.). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Id*. at 212. The law is well established that, to present an issue to this Court, a party's brief shall contain, among other things, a concise, non-argumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contention made with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1. When a party fails to adequately brief a complaint, despite notice and an opportunity to cure, she waives the issue on appeal. *See* TEX. R. APP. P. 44.3; *Bertaud v. Wolner Indus.*, No. 05-15-00620-CV, 2017 WL 1360197, at *2 (Tex. App.–Dallas Apr. 12, 2017, no pet.) (mem. op.).

We discern that Dixon challenges the trial court's grant of summary judgment, ordering that Dixon take nothing and dismissing with prejudice all claims. However, we must be able to discern from an appellant's brief what question of law is at issue in the case. *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.); *see* TEX. R. APP. P. 38.1(f).

Dixon has failed to provide us with argument, analysis, or authorities that would entitle her to relief on appeal. See *Bertaud*, 2017 WL 1360197, at *3. Without

–6–

record citations, legal analysis, or citation to appropriate authority, Dixon has failed

to preserve her arguments for our review. *See Steele*, 2020 WL 6440499, at *3 (brief

lacking legal analysis preserved nothing for review).[4]

## IV.  CONCLUSION

We affirm the trial court's judgment.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

220881F.P05

---

[4] We note without further discussion that our disposition would not change had we been able to reach the merits. The limited record shows that Transport America was entitled to summary judgment on its limitations defense, which Dixon did not address. *See Diffee v. Gutierrez*, No. 05-21-01109-CV, 2023 WL 2887624, at *2 (Tex. App.—Dallas Apr. 11, 2023, no pet.) (appellee was only required to conclusively establish the accrual date of each of appellant's causes of action and that the lawsuit was filed outside of the limitations for each claim to obtain a summary judgment).



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

BARBARA DIXON, Appellant

No. 05-22-00881-CV      V.

TRANSPORT AMERICA, Appellee

On Appeal from the 14th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-21-06464. Opinion delivered by Justice Goldstein. Justices Carlyle and Breedlove participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee TRANSPORT AMERICA recover its costs of this appeal from appellant BARBARA DIXON.

Judgment entered this 27th day of March 2024.