**AFFIRM; Opinion Filed February 23, 2023**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-21-00935-CV

## IN THE INTEREST OF G.K., A CHILD

**On Appeal from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-19-16123**

## MEMORANDUM OPINION
Before Justices Carlyle, Goldstein, and Kennedy
Opinion by Justice Kennedy

Father, a pro se litigant, appeals from a final order in a suit affecting parent–child relationship. He failed to comply with the briefing requirements of our appellate rules after receiving notice of the deficiency and an opportunity to cure. Thus, he waives his complaint. Because all dispositive issues are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.2(a), 47.4. We affirm.

### BACKGROUND

In 2014, a child G.K. was born to Mother, and Father filed an acknowledgement of paternity of G.K.

On August 16, 2019, Mother filed this underlying suit, in which she sought to be named sole managing conservator of G.K. On September 4, 2019, Father filed an answer of general denial and a counter-petition, seeking to be named sole managing conservator or, alternatively, joint managing conservator with Mother. After conducting a bench trial, the trial court judge signed a final order on July 30, 2021, appointing Mother as sole managing conservator and Father as possessory conservator. Father timely filed his notice of appeal.

On April 25, 2022, Father filed a brief. On May 3, 2022, this Court sent written notice to Father that his brief did not satisfy the minimum requirements of the Texas Rules of Appellate Procedure. That notice advised Father that his brief was deficient as follows:

> The table of contents does not indicate the subject matter of each issue or point, or group of issues or points. TEX. R. APP. P. 38.1(b).

> It does not contain a concise statement of the case, the course of proceedings, and the trial court's disposition of the case supported by record references. TEX. R. APP. P. 38.1(d).

> It does not contain a concise statement of the facts supported by record references. TEX. R. APP. P. 38.1(g).

> It does not contain a succinct, clear, and accurate statement of the arguments made in the body of the brief. TEX. R. APP. P. 38.1(h).

> The argument does not contain appropriate citations to the record. TEX. R. APP. P. 38.1(i).

> The trial court's judgment [was omitted from the appendix]. TEX. R. APP. P. 38.1(k)(1)(A).

We initially gave Father ten days to correct the specified deficiencies. Father submitted an amended brief electronically, and this Court notified him the brief would not be filed because it did not comply with rule 9 of our appellate rules. *See* TEX. R. APP. P. 9.4(j) (form requirements for electronically filed documents), (k) (permitting court to strike nonconforming documents or identify error and permit party to resubmit in conforming format). Father filed two motions for extension of time to file his brief, which were granted, and his amended brief was filed on June 29, 2022.

## DISCUSSION

On appeal, as in trial, a pro se appellant must properly present his case. *See Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied). Although we liberally construe pro se briefs, litigants who represent themselves are required to comply with applicable rules and are held to the same standards as litigants represented by counsel. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978); *In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.–Dallas 2008, no pet.). To hold otherwise would give pro se litigants an unfair advantage over litigants with an attorney. *In re N.E.B.*, 251 S.W.3d at 212.

The Texas Rules of Appellate Procedure control the required contents and organization of an appellant's brief. *See* TEX. R. APP. P. 38.1; *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010). Under those rules, an appellant's brief must concisely state all issues or points presented for review and,

among other things, "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Briefing rules are to be construed liberally in an effort to ascertain the real basis of appeal. *Manney & Co. v. Tex. Reserve Life Ins. Co.*, 407 S.W.2d 345, 349 (Tex. App.—Dallas 1966, no writ). Briefs are meant to acquaint the court with the issues in a case and to present argument that will enable the court to decide the case. TEX. R. APP. P. 38.9. Substantial compliance with the briefing rules is sufficient. *See id.* If, after reviewing the appellant's brief, we determine there is a formal defect in the appellant's briefing, we may require a brief to be amended. *See id.* We may make any order necessary for a satisfactory submission of the case. *See id.* When an appellant submits a brief from which we cannot identify the legal arguments and issues, the brief must be corrected to permit a satisfactory submission of the case before we resolve the appeal. Where the briefing defect has been noted, and the party has been given the opportunity to cure but fails to do so, we may resolve the case as necessary. *See* TEX. R. APP. P. 44.3.

Despite having been given an opportunity to correct the deficiencies in his brief, Father failed to do so. Father's amended brief raises eleven issues, challenging the trial court's subject-matter and personal jurisdiction, alleging violations of his constitutional rights, asserting misrepresentations in the record, challenging the sufficiency of the evidence to support the final order, and charging the trial court judge with bias.

–4–

Father has the burden to present and discuss his assertions of error in compliance with the appellate briefing rules. *See* TEX. R. APP. P. 38.1. While some citations to authorities are included in support of many of Father's issues, his brief contains no citations to the record. *See* TEX. R. APP. P. 38.1(i). We have no duty or right to perform an independent review of the record and the applicable law to determine if the trial court erred. *Strange*, 126 S.W.3d at 678.

We are reluctant to decide a case on the basis of briefing waiver, as the rules express a clear preference for resolution on the merits where possible. But where, as here, the party has been notified of procedural and substantive deficiencies in a brief and fails to correct them so as to remit a satisfactory submission of the case, we are presented with only the presumption of correctness of the underlying judgment.

## CONCLUSION

We affirm the trial court's order.

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

210935F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

IN THE INTEREST OF G.K., A CHILD

No. 05-21-00935-CV

On Appeal from the 330th Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-19-16123. Opinion delivered by Justice Kennedy. Justices Carlyle and Goldstein participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Crystal Ramon Taylor recover her costs of this appeal from appellant Anthony Kumagah Jr.

Judgment entered this 23rd day of February 2023.