

# IN THE
# TENTH COURT OF APPEALS

### No. 10-24-00246-CV

**REGINALD DARREL TAYLOR,**

**Appellant**

v.

**LYNN REALTY MANAGEMENT, LLC,**

**Appellee**

**From the County Court at Law No. 3
McLennan County, Texas
Trial Court No. 20240477CV3**

## MEMORANDUM OPINION

Reginald Darrel Taylor, proceeding pro se, appeals from the trial court's final judgment in this forcible detainer action brought by Lynn Realty Management, LLC (LRM). The court awarded possession of the premises, past-due rent, and attorneys' fees to LRM. On appeal, Taylor raises numerous complaints regarding his rights, the landlord's obligations, the landlord's retaliatory actions, and judicial bias. We affirm.

BACKGROUND

On November 20, 2023, Taylor and LRM entered into a residential lease agreement. Taylor agreed to pay $495 per month, on a month-to-month basis, to rent a residence from LRM. On May 17, 2024, LRM filed a petition for eviction in justice court based on unpaid rent. The justice court found in favor of LRM, awarding it possession of the premises, court costs, rent, and attorneys' fees. Taylor appealed to the county court at law. After a trial de novo, the trial court rendered judgment in favor of LRM, awarding it possession of the premises, unpaid rent, court costs, and attorneys' fees. Taylor appealed to this Court.

## BRIEFING REQUIREMENTS

Initially, we note that Taylor's brief exhibits numerous shortcomings. Taylor cites to inapplicable law and makes general statements. He has not provided sufficient argument, or citations to appropriate authority or to the record.[1]

We hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *In re N.E.B.*, 251 S.W.3d 211, 211-12 (Tex. App.—Dallas 2008, no pet.). We cannot speculate as to the substance of

---

[1] On December 9, 2024, Taylor filed an "amended brief," which we consider a reply brief, addressing arguments made in LRM's brief. *See* TEX. R. APP. P. 38.3. The reply brief did nothing to resolve errors in Taylor's original brief. On January 13, 2025, without filing a motion for leave to file a supplemental brief, Taylor filed a supplemental brief. A party must seek leave of court to file an amended or supplemental brief, and the appellate court has some discretion in deciding whether to allow the filing. *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998). Because the supplemental brief does nothing to further justice in this case, we strike the supplemental brief filed January 13, 2025. *See* TEX. R. APP. P. 38.7.

the specific issues appellant claims we must address. *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied). The appellate court has no duty to brief issues for an appellant. *See Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.). Likewise, an appellate court has no duty to perform an independent review of the record and applicable law to determine whether there was error. *See Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931-32 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

Texas Rule of Appellate Procedure 38.1(i) requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Even though we must construe briefing requirements reasonably and liberally, a party asserting error on appeal still must put forth some specific argument and analysis showing that the record and the law support its contentions. *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.). The failure to provide appropriate record citations, argument and a substantive analysis waives an appellate issue. *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 500 (Tex. 2015); *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). A point that is merely an abstract proposition of law or a general complaint about the trial court's actions is too general and indefinite to merit review. *Pac. Emp'rs Ins. Co. v. Dayton*, 958 S.W.2d 452, 455 (Tex. App.—Fort Worth 1997, pet. denied).

With these standards in mind, construing briefing requirements reasonably and liberally, we will address the merits of Taylor's assertions where we are able to discern his meaning if we can do so without speculation.

**RETALIATION**

In section IV of his brief, Taylor asserts that the eviction was retaliatory. Apparently, he is asserting that LRM evicted him because he complained about the need for repairs to the residence he leased. This argument has no merit.

Section 92.332 of the Texas Property Code provides that, where the tenant is delinquent in rent when the landlord gives notice to vacate or files an eviction action, the eviction does not constitute retaliation. TEX. PROP. CODE ANN. § 92.332(b)(1). Justin Lynn, part owner of LRM, testified that Taylor did not pay rent for May 2024. Therefore, on May 8, 2024, he prepared the statutorily required notice to vacate. *See id*. § 24.005(a) (If the occupant is a tenant under a lease agreement, the landlord must give a tenant who defaults at least three days' written notice to vacate the premises before the landlord files a forcible detainer suit.). According to the tracking history provided by the United States Post Office, the notice was scanned in at the post office on May 9, 2024 and delivered on May 10, 2024. LRM filed its forcible detainer suit on May 17, 2024. Therefore, the eviction does not constitute retaliation. *Id*. § 92.332(b)(1).

In paragraph 1 of section III, Taylor asserts that judicial bias was evident in the proceedings. Even assuming a complaint about judicial bias has been preserved, we find

no merit in the assertion. *See* TEX. R. APP. P. 33.1. Taylor argues that the trial court upheld "unconstitutional actions," claiming that Lynn admitted that his actions were retaliatory. We reviewed Lynn's testimony. He specifically denied any retaliatory intent in filing the eviction suit. The record shows compliance with the property code and the absence of retaliation or any associated judicial bias. *See* TEX. PROP. CODE ANN. § 92.332(b)(1). We overrule all arguments in section IV and paragraph 1 of section III.

## REPAIR ISSUES

In section II of his brief, entitled "Tenant's Right & Landlord's Obligations," in paragraphs 1, 2, and 4, Taylor makes multiple statements mentioning the implied warranty of habitability, his right to withhold rent due to unaddressed repair issues, and his complaints to the City of Waco regarding repairs.

To the extent Taylor attempts to complain about LRM's failure to complete requested repairs to the residence, these arguments are misplaced. Section 92.335 forbids other judicial actions under chapter 92 from being joined with an eviction suit or asserted as a defense or crossclaim in an eviction suit. *Id*. § 92.335. Claims of failure to repair are judicial actions under chapter 92. *See id*. §§ 92.051-.062. Accordingly, Taylor cannot raise issues regarding repairs, or the lack thereof, in this appeal. We overrule the arguments in section II, paragraphs 1, 2, and 4.

## VENUE

In section III, paragraph 3, of the brief, Taylor requests a change of venue due to the prejudicial atmosphere in McLennan County. In paragraph 2 of section III, Taylor contends he was prejudiced by a clerical error when the justice court clerk stated that "fair trial change of venue was not available in an eviction case." Taylor filed a motion to transfer venue in the trial court requesting a transfer to Dallas County, asserting he cannot get an impartial trial in McLennan County. The record does not include a ruling on the motion. Further, in a later filed motion for continuance, Taylor admitted the trial court had jurisdiction. Even if Taylor had preserved the issue, it has no merit. Jurisdiction of forcible detainer actions is expressly given to the justice court of the precinct where the property is located and, on appeal, to county courts for a trial de novo. *Id.* § 24.004; Tex. R. Civil P. 510.3(b); *Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.) (op. on reh'g). The property at issue in this forcible detainer action is located in McLennan County. Therefore, we overrule paragraphs 2 and 3 in section III of Taylor's brief.

## IMPROPER BRIEFING

In section II, paragraphs 3, 5, and 6, of the brief, Taylor states that the eviction was executed without proper legal proceedings, state laws cannot infringe on federal rights, and citizens have protections against unreasonable actions by state officials. Additionally, in section III, entitled "Judicial Partiality in Favor of the Landlord & Lack

of a Fair Trial," Taylor makes several general statements in paragraphs 4, 5, and 6. These paragraphs reference "undue influence of local legal connections," "discriminatory evictions," and the requirement that "the government must follow proper legal processes in any action affecting property rights." Taylor has not provided specific argument, substantive analysis, or appropriate citations to authority or the record in support of his statements. Thus, Taylor has not complied with Rule 38.1(i). *See* TEX. R. APP. P. 38.1(i). These complaints are too general to merit review. *See Dayton*, 958 S.W.2d at 455. We overrule paragraphs 3, 5, and 6 in section II and paragraphs 4, 5, and 6 in section III of Taylor's brief.

## CONCLUSION

Having overruled all of Taylor's issues, we affirm the judgment of the trial court.[2]

STEVE SMITH
Justice

Before Chief Justice Johnson,
    Justice Smith, and
    Justice Harris
Affirmed
Opinion delivered and filed February 20, 2025
[CV06]



---

[2] All pending motions are dismissed as moot.