# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-24-00541-CV

---

**Brian J Heaton, Appellant**

**v.**

**Burley Auction Group LLC and Robert Burley, Appellees**

---

### FROM THE 433RD DISTRICT COURT OF COMAL COUNTY
### NO. C2024-0498D, THE HONORABLE TRACIE WRIGHT-RENEAU JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Brian J. Heaton, appearing pro se in the trial and appellate courts, challenges the trial court's order granting a motion to dismiss filed pursuant to Texas Rule of Civil Procedure 91a. *See* Tex. R. Civ. P. 91a. (dismissal of baseless causes of action). We will affirm.

## BACKGROUND

Heaton sued Burley Auction Group, LLC, and Robert Burley (collectively, "Burley") alleging that Burley violated the Texas Penal Code by making terroristic threats against him and by unlawfully appropriating his property, which he claimed to have "copyright value" between ten and twenty million dollars. *See* Tex. Penal Code §§ 22.07 (terroristic threat); 31.03 (theft). Burley filed a general denial, a verified denial, and asserted numerous affirmative defenses. Burley then filed a motion to dismiss under Texas Rule of Civil Procedure 91a, asserting that Heaton's causes of action had no basis in law or fact. *See* Tex. R. Civ. P. 91a.

Burley argued that Heaton's conclusory pleading did not allege causes of action for which he could obtain relief and that no reasonable person could believe his allegation that Burley unlawfully appropriated unidentified property valued at up to twenty million dollars. After a hearing, the court granted the motion to dismiss, and this appeal followed.

## DISCUSSION

Texas Rule of Civil Procedure 91a allows a party, with exceptions not applicable here, to "move to dismiss a cause of action on the grounds that it has no basis in law or fact." *Id.* R. 91a.1. "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." We review the merits of a Rule 91a motion de novo because the availability of a remedy under the facts alleged is a question of law. *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724-25 (Tex. 2016) (per curiam) (citing *Wooley v. Schaffer*, 447 S.W.3d 71, 75-76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)).

Heaton has filed a brief that includes the following as the entirety of his argument and authorities supporting his assertion that the trial court committed "reversible error causing the rendition of an improper judgment:"

> Mr. Heaton would like his property returned or monetary compensation of $20,000,000 a value giving [sic] by Curt Baggett Expert Document Examiner.
>
> Specific Intent of Theft – Penal Code Section 31.03
>
> (a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.
>
> (b) Appropriation of property is unlawful if:

2

(1) It is without the owner's effective consent

(7) A felony of the first degree if the value of the property stolen is $300,000 or more.

Terroristic Threat – Texas Penal Code 22.07.

(a) A person commits an offense if he threatens to commit any offense involving violence to any person or property with intent to:

(2) Place any person in fear of imminent serious bodily injury

Heaton requested the following as appellate relief: "**Best case** is every item be returned or monetary compensation of $20,000,000 as per Expert Document Examiner Curt Bagett."

In Texas, an individual who is a party to civil litigation has the right to represent himself at trial and on appeal. Tex. R. Civ. P. 7; *Ex parte Shaffer*, 649 S.W.2d 300, 302 (Tex. 1983) (orig. proceeding). The right of self-representation carries with it the responsibility to adhere to the rules of evidence and procedure, including the rules of appellate procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). Pro se litigants are not treated differently from parties represented by licensed attorneys. *See id.*; *In re N.E.B.*, 251 S.W.3d 211, 212 (Tex. App.—Dallas 2008, no pet.). The Texas Rules of Appellate Procedure have specific requirements for briefing. Tex. R. App. P. 38. These rules require appellants to state concisely their complaint; provide understandable, succinct, and clear argument for why their complaint has merit in fact and in law; and cite and apply law that is applicable to the complaint being made along with appropriate record references. *Id.* R. 38.1(f), (h), (i). "Only when we are provided with proper briefing may we discharge our responsibility to review the appeal and make a decision that disposes of the appeal one way or the other." *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). We are not responsible for identifying possible trial court error. *See Canton-Carter v. Baylor*

3

*Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dis.] 2008, no pet.). The appellate court is not responsible for identifying facts that may be favorable to a party's position or legal theories that might support a party's contentions, and doing so would constitute abandoning the role as judges and becoming an advocate for that party. *See Fredonia State Bank v. General Am. Life Ins.*, 881 S.W.2d 279, 283-84 (Tex. 1994); *Canton-Carter*, 271 S.W.3d at 931-32; *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.).

To comply with Rule 38.1(f), an appellant must articulate the issue it is asking the court of appeals to decide, support its argument with clear and understandable statements of its contentions, and provide citations to existing legal authority applicable to the facts and questions presented to the court. Heaton's brief does none of these. Instead, he states in his brief the general proposition that "a person who has sustained damages from theft may recover," that appellee "withheld" some unidentified property, and references a "missing key document from Clerks Record that would cause improper judgment." Heaton's brief does not contain any adequately briefed issues and, consequently, presents nothing for review. *See* Tex. R. App. P. 38.1. Reading his brief liberally, Heaton appears to argue that evidence supporting his claims against Burley are not included in the clerk's record. Heaton describes the document he claims is missing from the record as a sworn statement by Curt Baggett that he "thought was filed with the original files filed." But a court ruling on a Rule 91a motion to dismiss "may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by Rule 59." Tex. R. Civ. P. 91a.6; *see* Tex. R. Civ. P. 59 (providing that written instruments constituting claim or defense may be made part of the pleadings). Heaton's argument that the trial court's failure to consider the Baggett affidavit caused the rendition of an improper judgment fails.

4

**CONCLUSION**

We affirm the trial court's order.

_____

Chari L. Kelly, Justice

Before Justices Kelly, Theofanis, and Crump

Affirmed

Filed:   June 17, 2026